No. 25-1055; 25-1079; 25-1080; 25-1081; 25-1082; 25-1083; 25-1084
MCP No. 193

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; ALLIANCE FOR A STRONG U.S. BATTERY SECTOR; TEXAS CHEMISTRY COUNCIL; MICROPOROUS, LLC; MASSACHUSETTS COALITION FOR OCCUPATIONAL SAFETY AND HEALTH; ENVIRONMENTAL DEFENSE FUND; OHIO CHEMISTRY TECHNOLOGY COUNCIL; OLIN CORPORATION; MISSOURI ALLIANCE FOR A STRONG US BATTERY SECTOR; CENTER FOR ENVIRONMENTAL HEALTH; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; TRENT CAPITAL PARTNERS, LLC; UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO;

*Petitioners*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Respondent.*

ON PETITION FOR REVIEW OF AGENCY ACTION OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

**RESPONDENTS' EMERGENCY MOTION FOR CLARIFICATION REGARDING STAY MOTIONS AND, IF NECESSARY, REVOCATION OF ADMINISTRATIVE STAY**

**INTRODUCTION**

In this consolidated action, twelve petitioners have challenged the final rule: "Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 102568, published by the United States Environmental Protection Agency ("EPA") on December 17, 2024 ("Rule"). On January 14, 2025, the Judicial Panel for Multicircuit Litigation consolidated the twelve petitions for review in this Court. The petitioners include manufacturers and industrial users of TCE who believe the Rule is too stringent and environmental and public health groups and labor unions who believe the Rule is too lenient.

Before these cases were consolidated, petitioners in the Fifth and Sixth Circuits filed motions to stay the effectiveness of the Rule. A divided motions panel of the Fifth Circuit, without allowing for a response from EPA, issued a temporary administrative stay without an opinion, staying the Rule's effective date pending the Fifth Circuit's disposition of the stay motion filed in that court. The Fifth Circuit also ordered EPA to respond to the merits of the stay motion by January 17, 2025.

After the consolidation order, on January 15, 2025, the Fifth Circuit issued an order transferring the matter to this Court without reference to the status of its temporary administrative stay. The Sixth Circuit, which had taken no action on the

2

stay motion filed in that court, likewise issued an order transferring the petition filed there to this Court.

Respondents EPA and its Acting Administrator, Jane Nishida (together "EPA"), make three requests. First, EPA asks that this Court clarify that the Fifth Circuit's administrative stay is not in effect given that case has been transferred to this Court. Second, and in the alternative, if this Court determines that the temporary administrative stay survived the transfer from the Fifth Circuit, EPA requests that the Court revoke the administrative stay, consistent with its exclusive power to do so under 28 U.S.C. § 2112(a)(4). Third, EPA requests that the Court issue a consolidated briefing schedule for any pending or to-be-filed motions to stay the Rule.[1]

As detailed below, Alliance for a Strong U.S. Battery Sector, petitioner and movant in the Fifth Circuit petition, represents battery and battery-separator manufacturers. The first compliance date applicable to battery and battery-separator manufactures is not until June 16, 2025. Thus, as discussed below, no immediate impending harm threatens Petitioner while the Court adjudicates motions for stay pending judicial review. Conversely, a temporary administrative

---

[1] Respondents met-and-conferred with counsel for Petitioners Alliance for a Strong U.S. Battery Sector and Microporous, who requested that counsel for EPA represent in this filing that it is their clients' position that the administrative stay survived transfer from the Fifth Circuit, they oppose revocation of a stay and wish to be heard on the matter.

stay—which, as of tomorrow, will delay the Rule's effective date—harms the public interest. TCE is a toxic chemical substance with a wide variety of uses. EPA determined that TCE poses an unreasonable risk to human health under its conditions of use and, as mandated by TSCA, EPA issued the Rule to address that unreasonable risk.

## PROCEDURAL BACKGROUND

After many years of scientific discourse, public notice and opportunities for comment EPA published the Rule on December 17, 2024. As of the date of this filing, twelve petitions for review of the Rule have been filed in the United States Courts of Appeals for the First, Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh and District of Columbia Circuits.

On January 13, 2025, Petitioners Alliance for a Strong U.S. Battery Sector ("Alliance") and Microporous LLC filed motions with the United States Courts of Appeals for the Fifth and Sixth Circuits, respectively, seeking an emergency stay of the Rule's January 16, 2025 effective date.[2] According to its motion, Petitioner Alliance is a trade association representing battery and batter-separator manufacturers. Petitioner Microporous also manufactures battery separators. On

---

[2] Prior to filing those motions, during a meet-and-confer on January 10, 2025, counsel for EPA notified Petitioners that it would oppose the stay motions and requested that Petitioners delay filing the motions until the United States could file its notice with the JPML to avoid procedural complications. Petitioners did not agree.

the same day Petitioner Alliance filed the identified-opposed stay motion under seal, and before Respondents could make any responsive submission, the Fifth Circuit ordered a temporary administrative stay of the Rule without explanation or opinion. *Alliance for Strong U.S. Battery Sector v. Nishida*, No. 25-60010, ECF No. 31-2 (5th Cir. 2025). The Fifth Circuit further ordered EPA to respond to the merits of the stay motion by January 17, 2025. *Id.* The Sixth Circuit did not issue a briefing schedule or otherwise take any action on Microporous' emergency stay motion.

Also on January 13, 2025, pursuant to 28 U.S.C. § 2112(a)(3), EPA notified the Judicial Panel for Multicircuit Litigation of the twelve petitions for review of the same final agency action filed in nine courts of appeals within ten days after issuance of the agency action. On January 14, 2025, the Judicial Panel issued a consolidation order consolidating all twelve petitions for review with this Court. On January 15, 2025, the Fifth Circuit and Sixth Circuit Courts of Appeals, among others, entered orders transferring the cases to this Court.

## REGULATORY BACKGROUND

TCE is a volatile organic compound used predominantly in the manufacture of refrigerants, as well as a solvent in other commercial processes. 89 Fed. Reg. 102568, 102574 (Dec. 17, 2024). In 2020, pursuant to its obligations under the Toxic Substances Control Act ("TSCA" or the "Act"), 15 U.S.C. § 2605(b), EPA

5

published a comprehensive peer-reviewed risk evaluation for TCE, 85 Fed. Reg. 75010 (Nov. 24, 2020), and determined that the chemical substance poses an unreasonable risk to human health. *See* 88 Fed. Reg. 1222 (Jan. 9, 2023). The risk evaluation documents TCE's multiple hazards, including liver, kidney, neurological, immunological, reproductive, and developmental toxicity, and elevated risk of kidney and liver cancer, as well as cancers of the immune system such as non-Hodgkin's lymphoma. 89 Fed. Reg at 102572.

The Act requires that if EPA determines a chemical substance poses an unreasonable risk to human health under its conditions of use, EPA must regulate the substance to address the risk. 15 U.S.C. § 2605(a). That is what EPA has done in the challenged Rule. The Rule prohibits almost all uses of TCE but provides for exemptions, as allowed by the Act, for several uses, including, as relevant here, a 20-year exemption for use as a processing aid for manufacturing of battery separators. 89 Fed. Reg. at 102571. During the period of exemption, the Rule establishes a Workplace Chemical Protection Program (WCPP) to protect potentially exposed persons in the workplace. *Id.* The Workplace Chemical Protection Program requirements include an interim inhalation exposure limit, called the EPA interim existing chemical exposure limit (interim ECEL) (i.e., a maximum permissible concentration of TCE in the air within facilities in which TCE is being used) to protect potentially exposed persons. *Id.*

6

Owners or operators have flexibility in selecting what controls are best for their facility when determining how to comply with the Workplace Chemical Protection Program. 89 Fed. Reg. at 102579. Such controls include engineering controls and personal protective equipment. *Id.* The Rule's effective date is January 16, 2025. However, the compliance dates vary. The first compliance date for the Workplace Chemical Protection Program is June 16, 2025, on which initial monitoring must be completed. *Id.* at 102600. Users have until September 15, 2025 to implement any needed exposure controls based on the initial monitoring, including potential respiratory personal protective equipment requirements, *id.*, and until December 18, 2025 to develop an exposure control plan, *id.* at 102604.

## ARGUMENT

In 28 U.S.C. § 2112, Congress set forth procedures for when multiple petitions for review of a single agency order or rule are filed in at least two courts of appeals within ten days after issuance of the order or rule. In such cases, the agency must promptly notify the Judicial Panel for Multidistrict Litigation. 28 U.S.C. § 2112(a)(3). The panel must then, "by means of random selection, designate one court of appeals, from among the courts of appeals in which petitions for review have been filed." After making its selection, the Judicial Panel "shall issue an order consolidating the petitions for review in that court of appeals." *Id.* The various courts with pending proceedings then "shall transfer

7

those proceedings" to the court of appeals selected through the lottery. *Id.* § 2112(a)(5).

Once selected, the circuit in which the record is to be filed is "the sole forum for addressing the validity of the [agency's] order." *Gorss Motels, Inc. v. FCC*, 20 F.4th 87, 96 (2d Cir. 2021) (internal quotation omitted); *see also Westinghouse Elec. Corp. v. U.S. Nuclear Regulatory Comm'n*, 598 F.2d 759, 766 (3d Cir. 1979). Section 2112 further provides any stay of the agency orders' effective date issued before the consolidation "may thereafter be modified, revoked, or extended by" the court chosen through the multi-circuit lottery described above. *Id.* § 2112(a)(4).

EPA requests that the Court clarify that the Fifth Circuit's administrative stay issued to pause the Rule's effectiveness while the Fifth Circuit considered the merits of Petitioner Alliance's stay motion does not transfer with the case and is not in effect. A court's authority to administratively stay agency action flows only from the court's inherent authority to manage its docket and "freeze legal proceedings until the court can rule on a party's request for expedited relief." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay). The Supreme Court has explained that administrative stays "should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal. Once the court is equipped to

8

rule, its obligation to apply the *Nken* [*v. Holder*, 556 U.S. 418 (2009)] factors is triggered." *Id*. at 799.

Because the administrative stay power comes only from a court's authority over its own docket, an administrative stay should dissolve once the matter is no longer on that court's docket. That is the case here. For the avoidance of doubt, and because the rule is poised to take effect tomorrow (January 16, 2025), EPA requests that the court clarify that the Fifth Circuit administrative stay is not operative.

Alternatively, the Court should affirmatively revoke the Fifth Circuit's administrative stay pending adjudication of the merits of Petitioner Alliance's motion. A stay is an "extraordinary remedy" requiring a movant to, at minimum, show that it has a strong likelihood of success on the merits, it is likely to suffer irreparable harm without the requested stay, and that such harms outweigh the harms to the public interest in staying the Rule. *See Nken v. Holder,* 556 U.S. 418, 434-435 (2009); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

While EPA reserves its right to respond in full to the merits of the two filed stay motions, the question of whether the Rule should be administratively stayed while the Court considers those motions is a separate and straightforward matter. Petitioners Alliance and Microporous will not be irreparably harmed if the Rule goes into effect during the brief period while the Court considers their motions on

the merits, whereas the harm to EPA and the public from delaying the effectiveness of a duly promulgated public-health regulation is manifest.

Although Petitioners, in their motions to the Fifth and Sixth Circuits, assert that relief is necessary before the effective date of the Rule (January 16, 2025), they point to no specific harm that will occur on or shortly after that date. Rather, they allege that they will be harmed by expending resources to comply with the Rule's workplace protection provisions by September 15, 2025, and the requirement that they develop an exposure control plan, which is not due until December 18, 2025. *See* 89 Fed. Reg. at 102604-05.

Although Petitioners allege that they will "immediately" incur compliance costs upon the effective date of the rule, they do not specify what costs they will allegedly incur under a standard motions-briefing schedule, or whether such costs are so substantial that they justify staying the rule without consideration of the merits of their motions.[3] The Rule does not require any specific action of Petitioners beginning the effective date of the Rule; the first compliance date is approximately five months away (June 16, 2025). And Petitioners' motions fail to explain what specific harm they will suffer in the short period of time needed for

---

[3] Indeed, it is unclear that an administrative stay pending resolution of the motions would even afford petitioners the relief they seek. Until the court has fully considered the merits of the issue, it is unlikely a party would simply assume it would be relieved from complying with the Rule in the future when the compliance deadlines occur.

full briefing and consideration of their stay motions. Any inference that Petitioners would suffer irreparable harm during that period is speculative.

Indeed, Petitioners have been aware of the Rule for years and have already undertaken measures to implement a hierarchy of controls. In particular, the two companies using TCE in battery separator manufacturing submitted to EPA in public comments that since 2021 they have undergone significant engineering and administrative control revamps. Entek Public Comment, EPA-HQ-OPPT-2020-0642-0323; Microporous Public Comment, EPA-HQ-OPPT-2020-0642-0300.

In contrast, the public interest is harmed by the Fifth Circuit's stay and this Court should revoke it on that ground alone. *See Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) ("Even assuming irreparable injury, the Supreme Court has overturned an injunction based solely on the balance of equities and the public interest.") (citing *Winter*, 555 U.S. at 26, 32). The Rule – developed over the course of many years of scientific discourse, public notice and opportunities for comment – will protect people from cancer and significant adverse health effects including liver, kidney, and non-Hodgkin's lymphoma cancers associated with chronic TCE exposure. As EPA explains in the Rule, "TCE is an immunotoxicant and developmental toxicant and is carcinogenic to humans by all routes of exposure." 89 Fed. Reg. at 102574. EPA has found that TCE, as a whole, presents an unreasonable risk of injury human

health. *See* 88 Fed. Reg. 1222 (Jan. 9, 2023). The Rule addresses this risk by prohibiting the "manufacture, processing, distribution in commerce, and all industrial and commercial use of TCE and TCE-containing products"—affecting workers and others exposed to TCE across myriad industries. 89 Fed. Reg. at 102595. The Rule sets schedules for complying with this prohibition and provides for comprehensive workplace protections against exposure to TCE to mitigate the health risks of working with TCE during the interim period between publication of the Rule and the prohibition dates, among other provisions. *See, e.g., id*. at 102594-102611. Staying the Rule's effective date delays these protections from taking effect and harms the public interest through the adverse health effects caused by exposure to TCE.

For the reasons stated, the Court should revoke the administrative stay. Alternatively, if the Court determines that a temporary stay is appropriate, it should narrow the Fifth Circuit's blanket stay to apply only to the WCPP elements of the Rule challenged by movant-Petitioners, and only as applied to them; this Court should otherwise permit the Rule to go into effect as scheduled. The motions allege harms to battery and battery-separators manufacturers and do not speak to any other entities regulated under the Rule. The production volume of TCE for battery and battery-separators manufacturers is miniscule in comparison to the rest of regulated uses and industries. Petitioners have not justified staying the entirety of

the Rule's requirements for just these two groups, effectively delaying health and environmental protections that the EPA has determined (over the course of many years) are necessary under TSCA. A blanket administrative stay of the entire Rule is not appropriate, and Petitioners have not made a showing sufficient to obtain such relief.

Finally, EPA requests that the Court set a streamlined schedule for filing and responding to motions to stay. EPA requests that the court set a deadline by which all motions to stay the Rule must be filed, with EPA's consolidated response to those motions due within ten days of that deadline.

## CONCLUSION

For all these reasons, Respondents request that the Court: (1) clarify whether Rule is temporarily administrative stayed pursuant the Fifth Circuit's order; (2) if still stayed, then to revoke the stay; and (3) issue a deadline for all motions to stay the Rule and order EPA to file a consolidated response within ten days of that deadline.

Respectfully requested,

TODD KIM
*Of Counsel:*  *Assistant Attorney General*
Hunter Kendrick
Stephanie Schwartz
Amanda Wells  /s/Laura J. Brown
Office of the General Counsel  *Senior Attorney*

13

| | |
|---|---|
| U.S. EPA, Washington, DC | Environmental Defense Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-3376<br><br>*Counsel for Respondents* |

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d) because it contains 2,765 words and is formatted in double-spaced 14-point Times New Roman font.

Dated: January 15, 2025

*/s/ Laura J. Brown*

# CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. Service by the appellate CM/ECF system will be accomplished on the participants in this case that are registered CM/ECF users and have entered an appearance. In addition, I have emailed a copy of the attached motion to each of the counsel identified below:

**Counsel for Petitioner Massachusetts Coalition for Occupational Safety and Health**
Rachel Smit
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 841-8188
rachel@fairworklaw.com

Randy S. Rabinowitz
Victoria L. Bor
OCCUPATIONAL SAFETY AND HEALTH LAW PROJECT, LLC
P.O. Box 3769
Washington, D.C. 20027
(202) 256-4080
(301) 785-3204
randy@oshlaw.org
victoriabor87@gmail.com

**Counsel for Petitioner Environmental Defense Fund**
Samantha Liskow
Environmental Defense Fund
257 Park Ave S.
New York, NY 10010
(212) 616-1247
sliskow@edf.org

**Counsel for United Steel, Paper United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO**
Randy S. Rabinowitz
Victoria L. Bor
OCCUPATIONAL SAFETY AND HEALTH LAW PROJECT, LLC
P.O. Box 3769
Washington, D.C. 20027
(202) 256-4080
(301) 785-3204
randy@oshlaw.org
victoriabor87@gmail.com

**Counsel for Petitioner Microporous LLC**
Ms. Melanie Black Dubis
Parker Poe Adams & Bernstein
P.O. Box 389
Raleigh, NC 27602-0389
melaniedubis@parkerpoe.com

**Counsel for Petitioner Center for Environmental Health**
Robert M. Sussman
Sussman & Associates
3101 Garfield St. NW
Washington DC 20008
bobsussman1@comcast.net
202-716-0118

**Counsel for Petitioners American Chemistry Council and Georgia Chemistry Council**
David Y. Chung
Warren Lehrenbaum
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
dchung@crowell.com

**Counsel for Petitioner Olin Corporation**
Keith Bradley
Kayla Marie Mendez
717 Seventeenth Street, Suite 1825
Denver, CO 80202
Tel: 303-830-1776
Fax: 894-9239
Keith.Bradley@squirepb.com
kayla.mendez@squirepb.com

Samuel B. Ballingrud
2550 M Street, NW
Washington, DC 20037
samuel.ballingrud@squirepb.com

W. Caffey Norman
2550 M Street NW
Washington, DC 20037
Tel: (202) 460-9495
caffeynorman@outlook.com

**Counsel for Petitioner Alliance for a Strong U.S. Battery Sector**
Daniel J. Feith
Jeremy D. Rozansky
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
dfeith@sidley.com

**Counsel for Petitioner Missouri Alliance for a Strong U.S. Battery Sector**
Barbara A. Smith
BRYAN CAVE LEIGHTON PAISNER, LLP 211 N. Broadway, Ste. 3600
St. Louis, MO 63102
(314) 259-2367
barbara.smith@bclplaw.com

**Counsel for Texas Chemistry Council, Inc.**
David A. Terry

Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-3667
dterry@huntonak.com
blevey@huntonak.com

**Counsel for Petitioner Trent Capital LLC**
Brandon O. Moulard
PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree St. NE, Suite 1500
Atlanta, Georgia 30309
Phone: 678.690.5750
brandonmoulard@parkerpoe.com

**Counsel for Petitioner**
**Ohio Chemistry Technology Council**
Robert J. Karl
Eric B. Gallon
Porter, Wright, Morris & Arthur LLP
41 S. High Street, Suite 3000
Columbus, OH 43215-6194
Telephone: 614-227-1925
Rkarl@porterwright.com
Egallon@porterwright.com


**Counsel for Petitioner United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO**
Randy Rabinowitz
Occupational Safety and Health Law Project, LLC P.O. Box 3769
Washington, D.C. 20027
202/256-4080
randy@oshlaw.org

Victoria L. Bor
Occupational Safety and Health Law Project, LLC P.O. Box 3769
Washington, D.C. 20027
301/785-3204
victoriabor87@gmail.com

Dated: January 15, 2025

*/s/ Laura J. Brown*