Case Nos. 25-1055; 25-1079; 25-1080; 25-1081; 25-1082;
25-1083; 25-1084; and 25-1093
MCP No. 193

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

UNITED STEEL, PAPER, AND FORESTRY, )
RUBBER, MANUFACTURING, ENERGY, )
ALLIED INDUSTRIAL AND SERVICE )
WORKERS INTERNATIONAL UNION, )
AFL-CIO; ALLIANCE FOR A STRONG U.S. )
BATTERY SECTOR; TEXAS CHEMISTRY )
COUNCIL; MICROPOROUS, LLC; )
MASSACHUSETTS COALITION FOR )
OCCUPATIONAL SAFETY AND HEALTH; )
ENVIRONMENTAL DEFENSE FUND; )
OHIO CHEMISTRY TECHNOLOGY COUNCIL; )
OLIN CORPORATION; MISSOURI )
ALLIANCE FOR A STRONG US BATTERY )
SECTOR; CENTER FOR ENVIRONMENTAL )
HEALTH; AMERICAN CHEMISTRY )
COUNCIL; GEORGIA CHEMISTRY COUNCIL; )
TRENT CAPITAL PARTNERS, LLC; UNITED )
AUTOMOBILE AEROSPACE AND )
AGRICULTURAL IMPLEMENT WORKERS OF )
AMERICA, AFL-CIO; )
                )
  Petitioners,        )
                )
v.                )
                )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, ET AL. )
                )
  Respondents.       )
_____)

# EMERGENCY MOTION OF LABOR AND ENVIRONMENTAL PETITIONERS FOR REVOCATION OF THE FIFTH CIRCUIT ADMINISTRATIVE STAY

Petitioners Center for Environmental Health;[1] Environmental Defense Fund; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; the Massachusetts Coalition for Occupational Safety; and United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial Workers International Union seek revocation of the administrative stay, and we incorporate by reference all arguments presented by Respondent EPA in its Motion for revocation of the administrative stay. Case No. 25-1055, Docket No. 4.

## Motion

Movant labor and environmental groups ("Petitioner Organizations") filed petitions for review of the EPA's final rule "Trichloroethylene ("TCE"); Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 102568 (Dec. 17, 2024) (the "Rule"), in various circuit courts of appeals. Humans are exposed to TCE multiple routes – including through air and water, by activities such as working at industrial facilities or living near those plants – and it is carcinogenic under all paths of exposure. 89 Fed. Reg. at 102574, 102612. EPA

---

[1] Center for Environmental Health filed a petition for review that the Judicial Panel for Multicircuit Litigation ordered to be reviewed by this Court, but which has not yet been transferred to this Court by the Ninth Circuit.

has determined that TCE presents an unreasonable risk of injury to human health. 89 Fed. Reg. at 102574. Nine other petitioners – manufacturers and industrial users of the chemical – also filed for review of the Rule. On January 14, 2025, the Judicial Panel for Multicircuit Litigation consolidated all petitions in this Court. Case MCP No. 193, Doc. 4.

Shortly before the consolidation, on January 13, 2025, Petitioner Alliance for a Strong U.S. Battery Sector ("Alliance") filed a motion in the Fifth Circuit for a stay of the Rule's January 16, 2025, effective date. The motion was placed under seal. Two hours later, without waiting for a response from EPA, a divided panel of the Fifth Circuit issued a temporary administrative stay, without explanation. *Alliance for Strong U.S. Battery Sector v. Nishida*, No. 25-60010, Docket No. 31-2. On January 15, the Fifth Circuit transferred that case to this Court, without referring to the administrative stay.[2]

On January 15, 2025, Respondent EPA sought clarification from this Court as to whether the stay remained in effect after transfer or, alternatively, sought revocation of the stay. Case No. 25-1055, Docket No. 4. This Court issued an order requiring responses to EPA's motion by January 21, 2025.

---

[2] Petitioner Microporous also filed a motion for a stay in the Sixth Circuit. The Sixth Circuit did not rule on that request and transferred that petition to this Court on January 15.

3

Petitioner Organizations seek revocation of the administrative order for the reasons EPA described in its motion, which we hereby incorporate by reference. Case No. 25-1055, Docket No. 4. Most significantly, no party will be irreparably harmed if the Rule goes into effect over the short time that the Court considers the motion for stay of Alliance, or from any other petitioner. The Rule allows the use of TCE in battery separation operations for the next 20 years. The only arguably near-term obligation imposed on industry by the Rule is to conduct monitoring to determine the level of TCE to which its workers are exposed, and this obligation does not arise until June 2025. In any case, workplace monitoring hardly imposes the type of irreparable injury that justifies a stay.

Further, although the Rule requires owners/operators to significantly reduce TCE exposures by December 2025, they may do so by relying on respirators to control exposures, pending judicial review. The duty to supply respirators temporarily to workers exposed to the deadly threat posed by TCE similarly does not rise to the level of irreparable injury.

On the other hand, the public interest is harmed by continued maintenance of the Fifth Circuit's stay. *See* EPA's Emergency Motion, Docket No. 4. While the stay remains in effect, workers and the public will continue to be exposed to levels of TCE that EPA has determined pose unreasonable risks to their health. The burden on owners/operators to comply with the Rule pending judicial review is

modest compared to the harm workers and others will sustain from continued exposure to this potent toxin.

If the Court does not immediately revoke the administrative stay, alternatively, any stay that remains in effect should apply only as broadly as the evidence of harm proffered by the battery separators, which proffer the Petitioner organizations cannot evaluate because a redacted version of their motion and supporting documents, totaling over 3000 pages, was filed only hours ago i.e. any stay should apply only to the members of the Alliance and only to those sections of the Rule that impose substantial costs in the short-term.

There is no basis for a stay broader than the movant's interests. Furthermore, to the extent that the duty to implement engineering controls to reduce TCE exposures imposes an economic burden on any battery separator manufacturer, the Court could impose a stay on that subsection of the Rule without staying the other elements of the worker protection provisions. *See United Steelworkers v. Marshall,* 647 F.2d 1189, 1311(DC Cir. 1980). Thus, if the Court does not immediately revoke the administrative stay, it should clarify that the stay applies only to the elements of the Rule challenged by the Alliance, and only as applied to the Alliance. *Id* at 12-13.

## CONCLUSION

For the reasons described above and in EPA's Emergency Motion, Petitioner Organizations request that the Court 1) revoke the Fifth Circuit's administrative stay; or alternatively, 2) clarify that Fifth Circuit's stay applies only to the WCPP elements of the rule that the Alliance challenged that impose short term significant costs and then only as applied to them.

DATED: January 21, 2025

        Respectfully requested,

        */s/* Randy Rabinowitz
        Randy S. Rabinowitz
        Occupational Safety and Health Law Project, LLC
        P.O. Box 3769
        Washington, D.C. 20027
        202/256-4080
        randy@oshlaw.org

        Victoria L. Bor
        Occupational Safety and Health Law Project, LLC
        P.O. Box 3769
        Washington, D.C. 20027
        301/785-3204
        victoriabor87@gmail.com

        *Counsel for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; the Massachusetts Coalition for Occupational Safety; and United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial Workers International Union*

Robert M. Sussman
Sussman & Associates
3101 Garfield St., N.W.
Washington DC 20008
202-716-0118
bobsussman1@comcast.net

*Counsel for Center for Environmental Health*


Samantha Liskow
ENVIRONMENTAL DEFENSE FUND
257 Park Ave S
New York, NY 10010
(212) 616-1247
sliskow@edf.org

*Counsel for Environmental Defense Fund*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies the requirements of FRAP 27(d) because it contains 955 words and is formatted in double-spaced 14-point Times New Roman font.

Dated: January 21, 2025

/s/ Randy Rabinowitz

## CERTIFICATE OF SERVICE

I certify that on January 21, 2025, I electronically filed this motion with the Clerk of the Court by using the appellate CM/ECF system, thus accomplishing service on the participants in this case that are registered CM/EDF users and have entered an appearance.

*/s/* Randy Rabinowitz