No. 25-1079; 25-1080; 25-1081; 25-1083; 25-1084; 25-1118; 25-1132; 25-1133; 25-1183
MCP No. 193

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, et al.,
*Petitioners,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents,*

On Petition for Review of a Final Rule of the United States Environmental Protection Agency

**PETITIONERS ALLIANCE FOR A STRONG U.S. BATTERY SECTOR AND MICROPOROUS, LLC'S OPPOSITION TO MOTIONS TO INTERVENE IN SUPPORT OF RESPONDENT**

MICHAEL A. GOLDSTICKER
**PARKER POE ADAMS & BERNSTEIN**
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
(919) 835-4624
michaelgoldsticker@parkerpoe.com

STEVEN D. WEBER
**PARKER POE ADAMS & BERNSTEIN**
620 South Tryon Street, Suite 800
Charlotte, NC 28202

*Counsel for Microporous LLC*

DANIEL J. FEITH
 *Counsel of Record*
SAMUEL B. BOXERMAN
JEREMY D. ROZANSKY
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner Alliance for a Strong U.S. Battery Sector*

# INTRODUCTION

Despite having filed their own petitions for review challenging EPA's final rule entitled *Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)*, 89 Fed. Reg. 102,568 (Dec. 17, 2024) (the Rule), various labor and environmental groups[1] (collectively, "Movants") move to intervene in support of the Rule against challenges brought by industry petitioners. Their motions should be denied for two independent reasons.

First, Movants fail to demonstrate standing to intervene. Movants fundamentally seek the right to carry on defense of the Rule in the event EPA decides not to defend the Rule. Yet three of the four Movants offer no evidence of any particularized injury fairly traceable to the use of trichloroethylene (TCE), and the fourth offers only the sort of speculative evidence of possible future injury that the Supreme Court has squarely held is insufficient to create standing.

---

[1] The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW); the International Union, United Automobile, Aerospace & Agricultural Workers of America (UAW); and the Center for Environmental Health (CEH) together filed one motion to intervene. *See* No. 25-1055, Dkt. 22. The Environmental Defense Fund (EDF) filed a separate motion to intervene. *See* No. 25-1055, Dkt. 23.

Second, Movants have not established grounds to intervene as of right because they have not shown that Respondents U.S. Environmental Protection Agency (EPA) and its administrator do not adequately represent them. Where, as here, parties seek to intervene in support of the government, courts presume that the government adequately represents their interests unless the parties make a compelling showing otherwise. Movants make no such showing here, pointing only to minor disagreements over litigation tactics and an administrative order delaying the Rule's effective date by 60 days as part of an administration-wide freeze of effective dates that new administrations routinely impose upon taking office.

Accordingly, Movants' motions to intervene should be denied.

## LEGAL STANDARD

With statutory exceptions not applicable here, a motion to intervene in a proceeding for judicial review of an agency rule is governed by Federal Rule of Civil Procedure 24(a)(2)'s four-part standard for intervention as of right. *See* Fed. R. App. P. 15(d); *Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994); *Consumers'*

*Rsch. v. FCC*, No. 23-60525, 2023 WL 11951690, at *1 (5th Cir. Oct. 30, 2023).

A party seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) must establish "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenors' interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). "Each of these requirements must be met to intervene as of right." *Id.* (citations omitted).

In addition, for motions to intervene under FRAP 15(d), "all would-be intervenors must demonstrate Article III standing." *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 (D.C. Cir. 2018); *see also Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) ("[A]t the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."). That requirement is particularly important where, as here, parties seek to intervene in support of a rule specifically to carry on its defense, and

3

maintain Article III adversity, should the promulgating agency switch positions and confess error.

## ARGUMENT

I. **Movants lack Article III standing to intervene in support of Respondents.**

As noted, an intervenor must demonstrate that it has Article III standing. *See Old Dominion Elec. Coop.*, 892 F.3d at 1232.

Perhaps recognizing the weakness of their own claim to standing, Movants argue there is no such standing requirement, citing *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658 (2019), as their sole authority. *See* No. 25-1055, Dkt. 23 at 10. But at no point did *Bethune-Hill* relieve an intervenor from the burdens of Article III. To the contrary, the Supreme Court in fact found that the intervenor *lacked* standing and ordered dismissal of the intervenor's appeal. *See Bethune-Hill*, 587 U.S. at 671. Indeed, the circumstances here parallel those in *Bethune-Hill*. There, the intervenor tried to claim standing to seek relief (a reversal of the district court's order) that no party sought. *See id.* at 663. Here, Movants anticipate that EPA may drop out of the case and Movants will be left as the only parties seeking a court order denying the industry petitioners' petitions. Movants must demonstrate standing to seek such

relief. *Cf. Town of Chester*, 581 U.S. at 439 (2017) ("[A]n intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which [a party] requests.").

Yet none of the parties seeking intervention does so. "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). In addition, for an organization to have standing "on behalf of its members," the organization must show "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *N.J. Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*, 957 F.3d 390, 392 (3d Cir. 2020) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977))

To make these showings, the organization must provide declarations or affidavits along with its motion to intervene. *Cf. Sierra*

*Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002) ("The petitioner's burden of production in the court of appeals is accordingly the same as that of a plaintiff moving for summary judgment in the district court: it must support each element of its claim to standing 'by affidavit or other evidence.'") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Yet, here three of the four Movants attach no declaration to substantiate their assertion of standing. Neither the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW), nor the International Union, United Automobile, Aerospace & Agricultural Workers of America, (UAW), nor the Center for Environmental Health (CEH) supply the requisite affidavits. This Court is left to guess the nature of the asserted injury, the identity of the allegedly affected members, and whether that injury to that member is traceable to the TCE Rule and redressable here.

The fourth movant—the Environmental Defense Fund (EDF)—does supply two declarations. But those declarations fail to make the kind of showing necessary to support its claim of standing. EDF attaches a declaration by only one of its members, a resident of Wichita, Kansas,

6

who identified five nearby factories that emit TCE. No. 25-1083, Dkt. 33 at DEC002–003. She believes only that TCE is a "*potential* health harm." *Id.* at DEC003 (emphasis added). But she identifies no imminent, certainly impending injury. Rather, she vaguely alleges that she worries about various family members without describing the risks they face in concrete terms. EDF's motion reflects the same vagueness, arguing only that "[e]xposure to TCE in the air, water, and soil *may* harm members' health and welfare." Dkt. 33 at 9 (emphasis added).

These assertions are not enough to establish the injury-in-fact to one of EDF's members needed for EDF to have standing. Rather, to constitute an injury-in-fact, a "threatened injury must be certainly impending." *Clapper*, 568 U.S. at 410 (citation omitted). "[A]llegations of *possible* future injury are not sufficient." *Id.* at 409 (internal quotation marks omitted). That rule holds even where, as here, the intervenor seeks to establish standing "by demonstrating an increased risk of harm." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 915 (D.C. Cir. 2015). It is not enough to cite an increased risk; the Movants must explain how "the increased risk of such harm makes injury to an individual citizen

7

sufficiently 'imminent' for standing purposes." *Id.* (internal quotation marks omitted). Not one of the Movants has done so.

## II. Movants have not shown that EPA does not adequately represent their interests.

The Court should deny Movants' request because EPA already adequately represents Movants' stated "interest in defending the Rule." No. 25-1055, Dkt. 23 at 12. *See also* Dkt. 22 at 5 (describing Movants' "interest in preserving the TCE Rule").

Where, as here, "one party is a government entity charged by law with representing the interests of the applicant for intervention," this Court presumes the government entity's representation to be adequate. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014) (quoting *Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982)). The presumption of adequacy attaches here because TSCA tasks EPA with regulating any chemical substance EPA determines "presents an unreasonable risk of injury to health or the environment," 15 U.S.C. § 2605(c)(1), and TSCA directs the Administrator to "carry out this chapter in a reasonable and prudent manner," *id.* § 2601(c).

8

"A potential intervenor can only overcome this presumption of adequacy by making a 'compelling showing' to the contrary." *Pa. Gen. Energy Co. v. Grant Twp.*, 658 F. App'x 37, 40 (3d Cir. 2016) (quoting *Virgin Islands*, 748 F.3d at 520). At a minimum, the would-be intervenor must demonstrate "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Virgin Islands*, 748 F.3d at 520; *see also Consumers' Rsch.*, 2023 WL 11951690, at *1 ("[W]here, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome … only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative.").

Movants fail to make the requisite "compelling showing." *Virgin Islands*, 748 F.3d at 520. Movants never allege collusion nor any interest that is adverse to the interests of EPA in this litigation. Rather, Movants focus exclusively on whether the government is "diligently prosecuting"

9

the case. *Id.* Movants pin their accusation of the EPA's "nonfeasance" on (1) EPA's request to extend deadlines to respond to the pending motions to stay the Rule pending judicial review, *see* No. 25-1055, Dkt. 17, and (2) EPA's order delaying the effective date of the TCE Rule as part of the administration-wide review of pending regulations, *see* Delay of Effective Date for 4 Final Regulations Published by the Environmental Protection Agency Between November 29, 2024, and December 31, 2024, 90 Fed. Reg. 8,254 (Jan. 28, 2025). Neither action supports the claim of inadequate representation.

As to the first action, EPA's request for a 60-day extension is a matter of case management "to allow the Agency to brief new administration officials with decision-making responsibility" and does not render the government's representation inadequate. No. 25-1055, Dkt. 17 at 2. Insofar as an extension request could even be deemed a decision as to "strategy," such "differences in strategy … are not enough to justify intervention." *Virgin Islands*, 748 F.3d at 523. *See also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001) ("If disagreement with an existing part over [] strategy qualified as inadequate representation, the requirement of Rule 24 would have no

meaning."); Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 ("A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party.").

As to the second action, EPA's order briefly delaying the effective date of the Rule also does not make the required "compelling showing" of inadequate representation. EPA delayed the Rule's effective date pursuant to a Presidential memorandum dated January 20, 2025, directing all agencies to consider postponing for sixty days the effective dates of any rules that had not yet taken effect. *See* 90 Fed. Reg. at 8,254. Such actions are routine at the start of new administrations regardless of political party, *see, e.g.*, Memorandum for the Heads of Executive Departments and Agencies, 86 Fed. Reg. 7,424 (Jan. 28, 2021); Memorandum for the Heads of Executive Departments and Agencies: Regulatory Freeze Pending Review, 82 Fed. Reg. 8,346 (Jan. 24, 2017), and are designed simply to "give Agency officials the opportunity for further review and consideration of new regulations," 90 Fed. Reg. at 8,255. This 60-day freeze, which also applies to several rules that are not

the subject of litigation, is a routine administrative action that says nothing about whether the government is "diligently prosecuting the suit." *Virgin Islands*, 748 F.3d at 520.

Finally, insofar as Movants argue not that EPA's representation has been inadequate but rather "that such representation 'may be' inadequate" in the future, No. 25-1055, Dkt. 22 at 10, decision on the Motion to Intervene would be premature. Such decision should be deferred until the facts change such that Movants could demonstrate a sufficient degree of likelihood that EPA will cease to adequately represent their interests.

## CONCLUSION

For the foregoing reasons, the Court should deny Movants' motions to intervene in support of Respondents.

February 10, 2025  Respectfully submitted,

/s/ *Daniel J. Feith*
Daniel J. Feith
Samuel B. Boxerman
Jeremy D. Rozansky
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000

12

dfeith@sidley.com

*Counsel for Alliance for a Strong U.S. Battery Sector*

Michael A. Goldsticker
**PARKER POE ADAMS & BERNSTEIN**
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
(919) 835-4624
michaelgoldsticker@parkerpoe.com

Steven D. Weber
**PARKER POE ADAMS & BERNSTEIN**
620 South Tryon Street, Suite 800
Charlotte, NC 28202
(704) 335-9065
steveweber@parkerpoe.com

*Counsel for Microporous LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2025, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will send notifications to all counsel registered to receive electronic notices.

/s/ <em>Daniel J. Feith</em><br>
DANIEL J. FEITH

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 32(c) and Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,279 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

Dated: February 10, 2025 /s/ *Daniel J. Feith*
DANIEL J. FEITH