No. 25-1055; 25-1079; 25-1080; 25-1081; 25-1082; 25-1083; 25-1084; 25-1098; 25-1118; 25-1132; 25-1133; 25-1144, 25-1509
MCP No. 193

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; ALLIANCE FOR A STRONG U.S. BATTERY SECTOR; TEXAS CHEMISTRY COUNCIL; MICROPOROUS, LLC; ENVIRONMENTAL DEFENSE FUND; OHIO CHEMISTRY TECHNOLOGY COUNCIL; OLIN CORPORATION; MISSOURI ALLIANCE FOR A STRONG US BATTERY SECTOR; CENTER FOR ENVIRONMENTAL HEALTH; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; TRENT CAPITAL PARTNERS, LLC; UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO; PPG INDUSTRIES, INC.; OLIN CORP.; VINYL INSTITUTE, INC.;

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Respondents.*

ON PETITION FOR REVIEW OF AGENCY ACTION OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

**RESPONDENTS' REPLY IN SUPPORT OF SECOND REQUEST TO EXTEND DEADLINES FOR SIXTY DAYS**

Most of the Petitioners in these consolidated cases do not oppose Respondents' requested 60-day extension to allow EPA's new leadership to evaluate the rule at issue.[1] The Petitioners who do oppose, United Steel, United Automobile, Center for Environmental Health, and Environmental Defense Fund (collectively "Environment and Labor Petitioners"), have not shown that the extension will result in meaningful prejudice. The Court should grant Respondents' motion and extend the deadlines in these matters by an additional 60 days.

I.   **EPA Needs Additional Time to Brief New Leadership.**

At issue is EPA's rule, "Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 102568 (Dec. 17, 2024) (the "Rule"). This is an important rule that presents a number of significant policy issues on which new Agency leadership is still being briefed. The briefing allows the new administration to evaluate and decide whether the Rule comports with its policies. Orderly and deliberative briefing takes time, particularly in the TSCA context, where policy decisions involve large volumes of underlying scientific

---

[1] Petitioners Alliance for a Strong U.S. Battery Sector, Microporous LLC, PPG Industries Inc., American Chemistry Council, Georgia Chemistry Council, Olin Corporation, Trent Capital, Missouri Alliance for a Strong U.S. Battery Sector, Texas Chemistry Council, Ohio Chemistry Technology Council and Vinyl Institute do not oppose the requested extension.

literature, cross-cutting impacts on many sectors, and potential implications beyond the chemical substance at issue in any one particular rule.

A modest additional extension of 60 days will facilitate EPA's new leadership's deliberation on the Rule and underlying risk evaluation, and allow leadership to thoughtfully decide next steps in litigation. The Rule and risk evaluation were developed over seven years and are both highly technical Agency actions, which take time to consider. If, in that time, the new administration determines changes to the Rule are warranted, granting EPA' s extension motion may save the parties and the Court from expending substantial resources on unnecessary litigation. And if no changes are warranted, these petitions can proceed expeditiously.

## II.    EPA Does Not Object to Narrowing the Scope of the Judicial Stay.

In their opposition, Environment and Labor Petitioners assert that EPA's extension request should be denied because an extension will allow the administrative stay entered by the Fifth Circuit to continue to remain in place. They correctly note that the administrative stay, which stays the entire Rule, is broader than the EPA's recent decision, pursuant to Administrative Procedure Act ("APA") section 705, to postpone the effective date of certain provisions of the Rule by 90-days (or until June 20, 2025)—including delaying the effective date of the workplace protection provisions challenged in the pending stay motions. To

3

address Environment and Labor Petitioners' concern raised regarding the remaining portions of the Rule, EPA does not object to narrowing the scope of the judicial administrative stay to cover only the provisions that are subject to EPA's APA section 705 effective-date postponement (i.e., the Rule's provisions that apply to the Rule's TSCA section 6(g) exemptions).[2] As such, a narrowed judicial administrative stay would permit the other portions of the Rule to go into effect and cure prejudice asserted by Environment and Labor Petitioners. Additionally, given the postponement of certain effective dates by the EPA under APA section 705, if the judicial administrative stay is narrowed to align with it, Environment and Labor Petitioners' motion to revoke the judicial administrative stay is effectively moot until the new effective date of June 20, 2025, at the earliest.

## CONCLUSION

In sum, EPA requests an additional sixty day extension of all parties' deadlines, including a sixty day extension of EPA's deadlines to respond to: (1) the three motions to stay filed by Petitioners Alliance for a Strong U.S. Battery, Microporous, and PPG Industries; and (2) the motion to lift the administrative stay filed by Petitioners Center for Environmental Health Environmental Defense Fund; International Union, United Automobile, Aerospace and Agricultural Implement

---

[2] Respondents have not had the opportunity to confer with Petitioners regarding a modification of the judicial administrative stay in advance of this filing.

Workers of America; the Massachusetts Coalition for Occupational Safety; and United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial Workers International Union; and (3) EPA's deadline to file the certified index to the administrative record.

Respectfully requested,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*Of Counsel:*
Stephanie Schwarz
Amanda Wells
Office of the General Counsel
U.S. EPA, Washington, DC

*/s/Laura J. Brown*
Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3376

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d) because it contains 676 words and is formatted in double-spaced 14-point Times New Roman font.

Dated: March 27, 2025

<i>/s/ Laura J. Brown</i>

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. Service by the appellate CM/ECF system will be accomplished on the participants in this case that are registered CM/ECF users and have entered an appearance

                                                          */s/ Laura J. Brown*