## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; ALLIANCE FOR A STRONG U.S. BATTERY SECTOR; TEXAS CHEMISTRY MICROPOROUS, LLC;  ENVIRONMENTAL DEFENSE FUND; OHIO CHEMISTRY TECHNOLOGY COUNCIL; OLIN CORPORATION; MISSOURI ALLIANCE FOR A STRONG US BATTERY SECTOR; CENTER FOR ENVIRONMENTAL HEALTH; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; TRENT CAPITAL PARTNERS, LLC; UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO; PPG INC.; and VINYL INSTITUTE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. 25-1055 <br><br> Consolidated with Case Nos. 25-1079, 25-1080, 25-1081 25-1082, 25-1083, 25-1084, 25-1093, 25-1098, 25-1118, 25-1132, 25-1133, 25-1144, and 25-1509 |
|     Petitioners, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL. | ) ) ) | |
|     Respondents. | ) ) | |
| _____ | ) | |

## ENVIRONMENTAL AND LABOR PETITIONERS' OPPOSITION TO EPA'S MOTION FOR ABEYANCE

Respondent Environmental Protection Agency ("EPA") has moved to hold

these proceedings in abeyance – thereby suspending review by this Court

indefinitely – while the Agency undertakes rulemaking to reconsider and modify its Final Rule regulating trichloroethylene ("TCE Rule") under the Toxic Substances Control Act ("TSCA"). EPA has also informed the Court that it does not oppose extending the current stay of the Rule's worker protection provisions, Dckt No. 58, even though the abeyance it seeks from the Court would put judicial review on hold indefinitely. Dckt No. 57.

Environmental and Labor Petitioners urge the Court to deny EPA's motion for an abeyance, vacate its current stay of all worker protection requirements in the TCE Rule, and deny the pending stay motions for several reasons.[1]

First, EPA's proposed abeyance should be denied because it is unlikely to conserve the resources of either the parties or the Court. Instead, it will delay judicial guidance on important issues under TSCA that will almost certainly arise again after EPA promulgates a revised rule. Deciding these issues now will reduce legal uncertainties and potentially narrow the scope of future litigation, conserving more resources than an abeyance would. Thus, the case should proceed expeditiously with merits briefing.

---

[1] Environmental and Labor Petitioners have previously replied to the pending stay motions. Dckt. Nos. 49 and 50. However, because EPA's abeyance motion and its response to the stay motions raise related issues, our present response to EPA's abeyance request necessarily addresses the Agency's response to the stay motions as well.

Second, if the Court does grant an open-ended abeyance, it should not stay the TCE Rule because the fundamental purpose of a stay – to preserve the status quo *pending judicial review* – would no longer apply. The effect of a stay coupled with an abeyance would be to suspend industry's obligation to comply with the worker protection provisions of the TCE Rule for the duration of this case – without any determination by the Court of the merits of the challenges to the TCE Rule.

Finally, if the Court denies the abeyance and proceeds with consideration of the stay motions, it should deny those motions because the movants have failed to satisfy the legal standard for a stay. Alternatively, any stay must be restricted to address the limited evidence the three movants have proffered to support the need for a stay.

## BACKGROUND

In 2016, a bipartisan majority of Congress approved sweeping amendments to TSCA. Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, 130 Stat. 448 (2016). With respect to regulation of existing toxic chemicals, the new law made three important changes that were critical to the path EPA followed on TCE.

First, Congress mandated that EPA conduct a risk evaluation to determine whether a chemical presents an unreasonable risk of injury to health or the

environment, including an unreasonable risk to groups who are more exposed to the chemical or more susceptible to harm than the general population. 15 U.S.C. § 2605(b)(3)-(4). Implementing this directive, EPA completed a peer-reviewed risk evaluation for TCE in 2020, under the first Trump Administration. The evaluation (supplemented in December 2022) found unreasonable risks to workers and consumers for 52 of 54 TCE uses.[2] EPA found that TCE causes numerous harms at very low levels of exposure, including several types of cancer, immune suppression, kidney and liver disease, and cognitive and neurological harm. 89 Fed. Reg. 102574. The substance has also been linked with Parkinson's disease. *Id*.

Second, the new law directed that if EPA determines that a chemical presents unreasonable risk, it *must* regulate the chemical "to the extent necessary so that the chemical substance or mixture no longer presents such risk." 15 U.S.C. § 2605(a), (c)–(d). Congress thereby converted the statute's previous grant of discretionary authority to regulate unreasonable risks to a mandate to do so. To fulfill this mandate, EPA determined that TCE must be phased out entirely. 89 Fed. Reg. 10258. For certain industry sectors, however, EPA granted partial exemptions under section 6(g) of TSCA, 15 U.S.C. §2605(g),[3] permitting continued use of

---

[2]  EPA, Unreasonable Risk Determination (Dec. 2022), available at
https://www.regulations.gov/document/EPA-HQ-OPPT-2019-0500-0113.

[3] Section 6(g) specifies circumstances under which EPA may exempt individual "conditions of use" from all or parts of a rule's requirements.

TCE over specified periods of time, so long as owners/operators implement stringent worker protections. 40 C.F.R. § 751.325. The three industry petitioners seeking stays from the Court (and before the Agency) represent only two of the many industry sectors that must comply with the worker protection requirements of the TCE Rule. *See* Environmental Petitioners' Opposition to Stay Motions, Dckt. No. 50 at 12-14.

Third, Congress established enforceable deadlines to ensure that risk evaluations and risk management rules were completed and implemented expeditiously to avoid delays in protecting human health. *Id*. § 2605(b)(2)(A)-(C), (c)(1). If the Court extends the current stay for the duration of the case, as EPA suggests it do, and the Court also grants an open-ended abeyance, the effect would be to indefinitely postpone all statutorily-required worker protections against TCE's unreasonable risks.

## ARGUMENT

### I.    EPA's Abeyance Motion Should be Denied and Briefing on the Merits Should Proceed

While an agency may reexamine and revise final rules issued by a prior dministration, the agency is not automatically entitled to an abeyance of a pending judicial challenge merely because it wants to reconsider its predecessor's rule. As this Court has observed, "[i]t is well settled that before [an abeyance] may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity' if

there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068 (3d Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 US. 248, 254-55 (1936)). In determining whether an abeyance would be appropriate, "benefit and hardship would have to be set off, the one against the other, and a balance ascertained." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 216 (1937) (citing *Landis*, 299 U.S. at 248).

In three recent cases involving the same TSCA provisions at issue here, the Fifth Circuit has denied EPA's motions for open-ended abeyances while the Agency reconsiders, and potentially modifies, challenged TSCA rules.[4] In these cases, the Fifth Circuit refused to indefinitely postpone consideration of the legal

---

[4] *East Fork Enterprises v. EPA*, Order, Dckt. No. 200, Case No. 24-60256 (5th Cir. Feb. 25, 2025), involves challenges to EPA's TSCA risk management rule for methylene chloride. Following a motion to reconsider its earlier order granting an abeyance, the panel withdrew the order and directed the parties to proceed with briefing. The case was argued on the merits on June 3, 2025. *FabriClean Supply* v. *EPA,* Dckt. No. 69, Case No. 25-60006 (5th Cir. May 23, 2025), involves challenges to EPA's risk management rule for perchloroethylene. The Court denied EPA's motion for an open-ended abeyance pending the completion of rulemaking to reconsider and modified the rule. Instead, it issued an order staying the case for only 90 days and underscoring that "this Court expects the parties to have resolved the matter or be prepared to proceed with the appeal" at the end of this period. *Union Carbide Corporation v. EPA*, Dckt. No. 64, Case No. 24-60615 (5th Cir. May 30, 2025), involves challenges to the Agency's 2024 TSCA section 6(b) risk evaluation of 1,4-dioxane. The Court denied EPA's unopposed motion for an indefinite abeyance to reconsider and revise the risk evaluation, instead granting a 30-day abeyance.

validity of two risk management rules – neither of which was stayed during the pendency of the litigation – and one risk evaluation, despite EPA's claim that reconsideration might narrow the issues and conserve judicial resources. The balance the court struck in those cases favored prompt adjudication of petitioners' claims over the limited and hypothetical resource savings that might be achieved from delaying merits briefing while the reconsideration process is underway.

As in those cases, EPA here seeks to avoid adjudication of challenges to the TCE Rule that are ripe for resolution, arguing that further rulemaking might change the mix of issues to be considered in a later case and that the resources expended to litigate this case now would be wasted. An open-ended abeyance of this case, however, is unlikely to obviate the need for judicial resolution of the fundamental legal issues the current Rule presents. For example, parties disagree on the legal standard TSCA requires EPA to apply in establishing an occupational exposure limit once the Agency determines that a toxic substance, such as TCE, poses an unreasonable risk – an issue that no court of appeals has yet addressed. While EPA may change its approach to this issue and/or revise the TCE exposure limit for sectors that continue using TCE, those revisions are unlikely to resolve the fundamental debate over the required stringency of worker protections under TSCA risk management rules. Judicial resolution of this question of statutory interpretation is likely unavoidable, whether it occurs now or in a new case

following promulgation of a revised rule. *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2258 (2024) (statutory interpretation is "exclusively a judicial function").

Thus, postponing judicial review until after EPA promulgates a revised TCE Rule will not narrow or eliminate critical areas of dispute between the parties and EPA. Instead, it will delay their resolution. This delay would have harmful consequences. Near-term judicial guidance on the legal framework for workplace exposure limits will inform how EPA revises the Rule and will minimize the likelihood of further litigation and protracted legal uncertainty while EPA decides whether and, if so how, the Rule should be modified. Everyone will benefit from judicial clarity on what TSCA requires of EPA to protect workers and the public from risks posed by toxic chemicals, and no one will be prejudiced.

In sum, the balance of equities weighs in favor of rejecting an open-ended abeyance. This Court should thus deny EPA's motion and set a briefing schedule.

## II.   Granting a Stay Pending Review Would Conflict with Granting an Abeyance of the Litigation

Federal courts' authority to stay agency action is grounded in section 705 of the Administrative Procedure Act, 5 U.S.C. § 705, entitled Relief Pending Review, which provides that:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the *reviewing court*, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to

a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or *to preserve status or rights pending conclusion of the review proceedings.*

*Id.* (emphasis added).[5] As section 705 recognizes, a stay is not an end in itself but an interim step "pending conclusion of review proceedings." By maintaining the status quo while judicial review is pending, a stay gives the court the breathing space to make a thoughtful and considered decision on the merits and preserves its ability to afford meaningful relief if it ultimately rules in the petitioner's favor. The Supreme Court has tied the issuance of a stay to the ability of courts to exercise their responsibility thoughtfully to decide the merits of a challenge to agency action: "[t]he ability to grant interim relief is accordingly not simply '[a]n historic procedure for preserving rights during the pendency of an appeal," but also a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (emphasis added; internal citation omitted). In short, by maintaining the status quo while judicial review is pending, a stay gives the court the breathing space to make a thoughtful

---

[5] Fed. R. App. P. 18 also governs stays of agency action pending review. The Rule is merely procedural and does not (and could not) override section 705, which was enacted by Congress. The advisory committee notes to the rule confirm this: "The proposed rule in no way affects such statutory provisions respecting stays. By its terms, it simply indicates the procedure to be followed when a stay is sought." Committee Notes on Rules—1998 Amendment.

and considered decision on the merits and preserves its ability to afford meaningful relief if it ultimately rules in the petitioner's favor.

A stay cannot perform these functions when the court holds a case in abeyance indefinitely while the agency replaces the challenged rule with a new rule. Here, the Agency proposes to keep this case on hold until *after* it completes rulemaking and issues a modified TCE Rule. At that point, the current challenge to the Rule would likely be moot and judicial review of the modified rule would likely require filing of a new petition, even if, as we submit is likely, the legal issues remain the same. Thus, should the Court grant the Agency's motion to hold this case in indefinite abeyance while it reconsiders the Rule, it cannot also stay any of the Rule's requirements, because that stay would not be "pending review" and would exceed the Court's authority under APA section 705.

Section 705 grants courts and agencies authority to issue stays pending judicial review and prescribes the same standards for both.[6] In cases involving agency-imposed stays, courts have consistently emphasized that "such stays plainly must be tied to the underlying pending litigation" and "ground[ed] . . . on the

---

[6] "[A]lthough the language differs in minor detail, the judicial and administrative authority to grant a stay is found in a single statutory provision that addresses a single topic—'relief pending review.' 5 U.S.C. § 705. The relevant standard, moreover, does not differ in significant respects." *Bauer v. DeVos*, 325 F. Supp. 3d 74, 106 (D.D.C. 2018)

existence or consequences of" that litigation. *Sierra Club v. Jackson,* 833 F. Supp. 2d 11, 33-34 (D.D.C. 2012). Thus, the court in *Sierra Club* stressed that a stay is not authorized where "its purposes . . . are to stay the rules pending reconsideration, not litigation." *Id.* at 33. Similarly, the court in *Bauer v. DeVos,* held that a "an agency stay under § 705 should be imposed for one—and only one—reason: to maintain the status quo in order to allow judicial review of the underlying regulation to proceed in a 'just' manner." 325 F. Supp. 3d at 106–07.

In facts similar to those presented here, a district court overturned an agency stay where the judicial review proceeding on which it was based "had been suspended indefinitely" and there was no "effort to see the litigation to an actual conclusion." *Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 150–51 (S.D.N.Y. 2019). The court emphasized that "[s]ection 705 cannot be used simply because litigation in the court of appeals *happens to be pending.*" *Id.* at 150. (internal citation omitted; emphasis in original). Because that case was "indefinitely on hold[, t]he purpose of such a stay [was] not to preserve the status quo during litigation," contrary to the intent of section 705. *Id*. at 150-151.

In short, if the Court grants EPA's request for an indefinite abeyance in this case, it cannot also stay the compliance deadlines in the TCE Rule, because such a stay would not be "pending review." Thus, if EPA's requested indefinite abeyance is granted, the Court should deny the pending motions for a stay.

### III.    Petitioners Have Failed to Justify any Stay of the TCE Rule

If the Court denies EPA's motion for an abeyance and judicial review proceeds, the Court must nonetheless deny the pending stay motions filed on behalf of three companies: Entek, Microporous, and PPG. To decide these motions, this Court must apply four well-settled factors for determining whether a stay pending review is warranted: the petitioners' likelihood of success on the merits; irreparable harm; the public interest; and whether the issuance of a stay will harm other parties. *Nken v. Holder*, 556 U.S. at 434. As the Environmental and Labor Petitioners explained in detail in their oppositions to the stay motions, filed on March 28, 2025 (Dckt. Nos. 49, 50), the stay requestors bear the burden of showing that the circumstances justify an exercise by this Court of its equitable discretion, *id.,* and the three movants here have failed to meet their burden. *See also AFGE v. Trump,* Case No. 25-3293, slip op. at 7-8 (9th Cir., May 30, 2025) (listing the factors for justifying a stay).

There is an additional reason to deny these motions: Since they filed their stay motions, the same companies have petitioned EPA to amend the Rule by raising the Existing Chemical Exposure Limit ("ECEL") of 0.2 ppm, 40 C.F.R. 751.325(b)(5), as it applies to them. The Microporous, PPG, and the Alliance for a Strong U.S. Battery Sector, representing Entek, are asking EPA to modify the

ECEL for TCE, raising it from 0.2 ppm to 5 or 6 ppm.[7] Thus, these petitions ask EPA for relief significantly narrower than the relief from all the worker protections that the same companies seek from this Court.

The motions should therefore be denied in their entirety.

## IV.    Alternatively, Any Stay Must Be No Broader Than Evidence of Alleged Harm Submitted to the Court

If the Court is inclined to grant the stay movants any relief pending review, that relief must be no broader than the evidence movants have actually presented. The movants failed to present evidence that even arguably justifies the breadth of the March 21 stay EPA issued, which the Court mirrored in its March 28 Order. Dckt. No. 53. EPA issued its stay without notice and comment, without considering the four factors this Court must weigh before issuing a stay pending judicial review, and without citing any evidence to support its decision. 90 Fed. Reg. at 14495.

This Court should reject EPA's suggestion that it continue this broad-reaching stay, for four reasons. First, the practical effect of continuing the broad-based stay would be to nullify *all* risk management requirements mandated by

---

[7] *See* Alliance for a Strong U.S. Battery Sector and Microporous, LLC's Petition for Reconsideration of Exemption Conditions in the Final Trichloroethylene Ban at TSCA Section 21 | US EPA; TSCA Section 21 Petition to Initiate a Proceeding for Amendment of EPA's Final Rule for Trichloroethylene Regarding PPG's Section 6(g) Exemption at TSCA Section 21 | US EPA.

TSCA for all companies still using TCE, without a finding that the existing Rule is legally flawed and despite TSCA's mandate that risk management rules be imposed expeditiously after a finding of unreasonable risk. Workers deserve to be protected from TCE's toxic effects.

Second, only three companies in two industry sectors have asked this Court or EPA for relief. *See* Dckt. No. 50 at 12-17. Only these companies have submitted any evidence that even arguably demonstrates irreparable harm pending review, as required by *Nken,* 556 U.S. at 434. Thus, any stay imposed may only be based, at the most, on evidence submitted by the movant companies in support of their request, as required by Fed. R. App. P. 18.

Third, as Labor Petitioners explained in their opposition to the motion for stay, the moving parties have objected most strongly to a requirement to control exposures to levels that would require their workers to wear respirators full-time. Dckt. No. 50 at 13-14. Each has conceded that they can meet an ECEL of 5 or 6 ppm without such respirator use. *Id.* at 14. Neither EPA nor the stay movants have offered a reasonable explanation for staying the other worker protection requirements, such as the requirement that users of TCE conduct monitoring to determine worker exposures. Indeed, this data is necessary for EPA to evaluate what revisions of the ECEL, or any other of the worker protection requirements, may be warranted.

Finally, as explained above, since they filed their stay motions the same companies have petitioned EPA to amend the Rule by raising the ECEL of 0.2 ppm, 40 C.F.R. 751.325(b)(5), as it applies to them, and *only* them. Micropourous and the Alliance for a Strong U.S. Battery Sector, representing Entek, ask EPA to adopt an ECEL of 6 ppm, while PPG has petitioned for an ECEL of 5 ppm. *See* n.7, *supra.* The fact that the stay movants in this Court have filed administrative petitions with EPA seeking an ECEL of either 5 or 6 ppm necessarily means they believe they can reduce workplace exposures to at least this level or lower. Moreover, the petitions only ask EPA to revise the ECEL not any of the other worker protections mandated by the Rule. There is no basis for this Court to grant a stay that provides more relief from the TCE Rule than the stay movants have sought from EPA or provided evidence to support.

## CONCLUSION

Because no abeyance is warranted, the Court should deny EPA's request that it suspend review of these petitions, and it should instead require briefing on the merits to proceed. If the Court grants an open-ended abeyance, it should refuse to stay the Rule, because any stay would thus not be "pending judicial review," and would therefore be unauthorized under section 705 of the APA. Finally, although we submit that the industry movants have failed to carry their burden of justifying a stay, if the Court denies the abeyance but concludes that some relief is warranted

15

for the companies that have sought it, it should tailor any stay to those three

companies and to the single compliance problem they have identified: being

required to reduce exposures to TCE to below 6 ppm while this litigation proceeds.


Dated: June 10, 2025                    Respectfully submitted,

                                        /s/ Randy Rabinowitz
                                        Randy Rabinowitz
                                        Occupational Safety and Health Law
                                        Project
                                        P.O. Box 3769
                                        Washington, D.C. 20027
                                        (202) 256-4080
                                        randy@oshlaw.org

                                        Victoria L. Bor
                                        Occupational Safety and Health Law
                                        Project
                                        P.O. Box 3769
                                        Washington, D.C. 20027
                                        (301) 785-3204
                                        victoriabor87@gmail.com

                                        *Counsel for International Union, United
                                        Automobile, Aerospace and Agricultural
                                        Implement Workers of America; and United
                                        Steel, Paper, and Forestry, Rubber
                                        Manufacturing, Energy, Allied Industrial
                                        Workers International Union*

                                        /s/ Robert M. Sussman
                                        Robert M. Sussman
                                        Sussman & Associates
                                        310 Garfield St., N.W.
                                        Washington, D.C. 20008
                                        202-716-0118

bobsussman@comcast.net

*Counsel for Center for Environmental Health*

/s/ Samantha Liskow
Samantha Liskow
ENVIRONMENTAL DEFENSE FUND
257 PARK AVE S
NEW YORK, NY 10010
(212) 616-1247
sliskow@edf.org

*Counsel for Environmental Defense Fund*

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure ("Rule") 27(d) because it contains 3598 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). The motion also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: June 10, 2025

*/s/ Randy S. Rabinowitz*
Randy S. Rabinowitz

## CERTIFICATE OF SERVICE

I certify that today I filed the foregoing response brief by filing this document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit, through the Electronic Case Filing (ECF) system.

DATED: June 10, 2025

*/s/ Randy S. Rabinowitz*
Randy S. Rabinowitz