No. 25-1055; 25-1079; 25-1080; 25-1081; 25-1082; 25-1083; 25-1084; 25-1098;
25-1118; 25-1132; 25-1133; 25-1144; 25-1509
MCP No. 193

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; ALLIANCE FOR A STRONG U.S. BATTERY SECTOR; TEXAS CHEMISTRY COUNCIL; MICROPOROUS, LLC; ENVIRONMENTAL DEFENSE FUND; OHIO CHEMISTRY TECHNOLOGY COUNCIL; OLIN CORPORATION; MISSOURI ALLIANCE FOR A STRONG US BATTERY SECTOR; CENTER FOR ENVIRONMENTAL HEALTH; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; TRENT CAPITAL PARTNERS, LLC; UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO; PPG INDUSTRIES, INC.; OLIN CORP.; AND VINYL INSTITUTE

*Petitioners*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Respondents.*

ON PETITION FOR REVIEW OF AGENCY ACTION OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

**RESPONDENTS' REPLY IN SUPPORT OF ABEYANCE MOTION**

The majority of petitioners do not oppose EPA's request to hold these consolidated cases in abeyance while it reconsiders the challenged rule regulating trichloroethylene under the Toxic Substances Control Act ("TCE Rule"). Petitioner Alliance for a U.S. Strong Battery opposes abeyance only if the Court denies its stay motion. ECF No. 60.[1] Environmental and Labor Petitioners oppose abeyance asserting it will not conserve judicial resources. ECF No. 62. They are wrong, placing these consolidated cases in abeyance will promote judicial economy because EPA's reconsideration of the TCE Rule may obviate the need for judicial review. The Court should grant EPA's motion.

**ARGUMENT**

**I.     An Abeyance Is Warranted while EPA Reconsiders the TCE Rule.**

Multiple petitioners challenge the TCE Rule. EPA is now reconsidering that rule, which may render a judicial decision unnecessary. In these circumstances, the Court has the authority to defer decision and hold this case in abeyance. Deferring decision avoids unnecessary judicial resolution in favor of potential voluntary resolution. *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022). No party has questioned this Court's authority to hold this case in abeyance rather

---

[1] Docket numbers are for the lead case, Case No. 25-1055.

than deciding the dispute right now. It is appropriate for the Court to exercise that authority here.

Courts routinely grant abeyances when an agency decides to reconsider challenged regulations. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court . . . to hold the case in abeyance pending reconsideration by the agency."); *c.f., Utah by & through Cox v. EPA,* No. 23-1157, 2025 WL 1354371, at *3, n.3 (D.C. Cir. May 2, 2025) (collecting cases where courts have granted abeyances while a new administration reconsiders challenged regulations). It makes sense for the Court to "stay [its] hand" when an agency's own reconsideration process may obviate the need for judicial review. *Ctr. for Biological Diversity,* 56 F.4th at 71. Doing so serves the "cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions where appropriate." *Id.*

The "primary reason for holding a case in abeyance is to promote judicial economy." *Utah by & through Cox v. EPA,* No. 23-1157, 2025 WL 1354371, at *2. Environmental and Labor Petitioners assert that an abeyance is "unlikely to obviate the need for judicial resolution of the fundamental legal issues the current Rule presents." ECF No. 62 at 7. They base this claim on their view that the reconsidered rule will be defective and that some of the legal challenges to the

2

future rule may overlap with claims here. Yet that possibility exists in any case where an agency reconsiders a challenged action. And, notwithstanding, courts have held that "[i]n the context of agency decision making, letting the administrative process run its course before binding parties to a judicial decision prevents courts from entangling themselves in abstract disagreements over administrative policies, and . . . protect[s] the agencies from judicial interference in an ongoing decision-making process." *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012) (internal quotations omitted). Premature court intervention is contrary with a court's "role as the governmental branch of last resort." *Id.* at 386-87. The Court should allow EPA's reconsideration process to run its course and hold the case in abeyance.

    The Fifth Circuit Court of Appeals decisions cited by Environmental and Labor Petitioners in their response, ECF No. 62 at 6-7, do not counsel against abeyance when an agency is engaged in reconsideration. First, in *East Fork Enterprises v. EPA*, Case No. 24-60256, the Agency was *not* reconsidering the challenged rule and the matter was fully briefed; those facts make the court's denial of an abeyance distinguishable. Second, in *FabriClean Supply v. EPA*, Case No. 25-60006 and *Union Carbide Corporation v. EPA*, Case. No. 24-60615, after the Agency announced its reconsideration the challenged actions, the court *granted* abeyances but limited the length.

3

Notably, Environmental and Labor Petitioners fail to cite *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO v. EPA*, Case No. 24-1151 (D.C. Cir.), a case in which the Labor petitioners overlap. There, the D.C. Circuit Court of Appeals placed the matter in abeyance because EPA is reconsidering the challenged rule, which sets forth the procedure of chemical risk evaluations under TSCA. Slip op. at 1 (attached as Exhibit 1). In sum, both the Fifth and D.C. Circuits granted abeyances in the recent TSCA cases where EPA has announced reconsideration of the underlying agency actions. This Court should do the same here.

## II. Petitioners Misunderstand the Scope of EPA's Effective Date Postponement.

Pursuant to Administrative Procedure Act section 705, 5 U.S.C. § 705, for the conditions of use subject to the TSCA section 2605(g) exemptions, EPA postponed the effective date of the rule for the conditions referenced in 40 C.F.R. § 751.325(a)(2) until June 20, 2025. "Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation under the Toxic Substances Control Act (TSCA)," 90 Fed. Reg. 14415 (Apr. 2, 2025). In its section 705 notice, EPA explained that Petitioners Alliance for a Strong U.S. Battery Sector, Microporous LLC, and PPG Industries, Inc. raised serious questions regarding the

Rule's workplace conditions imposed on their uses that warrant a delay of the effective date for limited provisions of the rule. *Id.* at 14416.

As explained in its response to the stay motions, EPA does not oppose a judicial stay of those portions of the TCE Rule subject to its section 705 postponement, i.e., for the section 2605(g) exempted conditions of use, the conditions referenced in 40 C.F.R. § 751.325(a)(2). ECF No. 58 at 1. The section 705 postponement *does not apply* to the effective dates applicable to those conditions of use not covered by a TSCA section 2605(g) exemption, including those that are permitted to use the chemical longer than one year and are subject to the Workplace Chemical Protection Program ("WCPP"). Since the Court narrowed the stay to the provisions subject to EPA's notice of postponement, rule requirements have been in effect for those conditions of use not covered by a TSCA section 2605(g) exemption, including the WCPP. *See, e.g.*, 40 C.F.R. § 751.309(d) (the requirement to comply with the WCPP for the use of TCE in vapor degreasing for rocket booster nozzles). In other words, the remainder (and majority) of compliance deadlines in the Rule were not administratively stayed.

## CONCLUSION

For the foregoing reasons, and good cause shown, EPA respectfully requests that the Court issue an order holding the case in abeyance, with status reports due every 90 days and within 30 days after EPA takes final action.

Respectfully submitted,

ADAM R. F. GUSTAFSON
  *Acting Assistant Attorney General*

*Of Counsel:*     /s/ Laura J. Brown
STEPHANIE SCHWARZ     LAURA J. BROWN
AMANDA WELLS     LAURA J. GLICKMAN
  Office of the General Counsel    *Environmental Defense Section*
  U.S. Environmental Protection Agency    Environment and Natural Resources Division
  Washington, D.C.    U.S. Department of Justice
     P.O. Box 7611
     Washington, D.C. 20044
     (202) 514-3376
June 18, 2025    *Laura.J.S.Brown@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the requirements of Fed. R. App. P. 27(d) because it contains 1121 words and is formatted in double-spaced 14-point Times New Roman font.

Dated: June 18, 2025

*/s/ Laura J. Brown*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service by the appellate CM/ECF system will be accomplished on the participants in this case that are registered CM/ECF users and have entered an appearance.

<u>*/s/ Laura J. Brown*</u>