

June 25, 2025

<u>Submitted via CM/ECF</u>
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   United Steelworkers v. EPA – Lead Case No. 25-1055
      Consolidated with Cases Nos. No. 25-1055; 25-1079; 25-1080; 25-1081; 25-1082; 25-1083; 25-1084; 25-1098; 25-1118; 25-1132; 25-1133; 25-1144; and 25-1509

To the Honorable Court:

Petitioners United Steelworkers, United Autoworkers, Center for Environmental Health, and Environmental Defense Fund write pursuant to Federal Rule of Appellate Procedure 28(j) to bring to the Court's attention the attached stay that Respondent EPA issued on June 17, 2025.[1] Issued without notice and comment, the stay extends EPA's suspension of the interim worker protections mandated by the TCE Rule for all industries that received time-limited exemptions from the Rule's bans on TCE use.

Pending before the Court is EPA's motion to hold these consolidated cases in abeyance while the Agency reconsiders the TCE Rule, as well as motions filed by three industry petitioners seeking to stay provisions of the Rule as they apply to them. Currently in place is an administrative stay that mirrors the breadth of the

---

[1] It was later published at 90 Fed. Reg. 26453 (June 23, 2025).

257 Park Avenue South
New York, NY 10010
T 212 505 2100
F 212 505 2375
EDF.org

New York, NY / Austin, TX / Bentonville, AR / Boston, MA / Boulder, CO / Raleigh, NC / Sacramento, CA San Francisco, CA / Washington, DC / Beijing, China / La Paz, Mexico / London, UK
Totally chlorine free 100% post-consumer recycled paper

Agency's stay, which the Court has indicated that it does not anticipate extending. Dckt. No. 53. In our opposition to EPA's abeyance motion, we established that should the Court suspend this litigation for the duration of EPA's rulemaking to modify the TCE Rule, there would be no basis for any stay, as 5 U.S.C. § 705 provides for issuance of a stay for the sole purpose of maintaining the status quo *pending judicial review*. *See* Dckt. No. 62 at 8-11.

EPA filed its reply to our opposition on June 18, Dckt. No. 65-1, but did not advise the Court that, the day before, it had extended its stay of the TCE Rule. In addition, EPA's reply did not address our argument that a stay of the Rule pending judicial review is inconsistent with seeking to hold this case in abeyance. EPA's recent extension of its stay pending judicial review underscores our position that an abeyance is inappropriate.

Respectfully submitted,

*/s/* Samantha Liskow
Samantha Liskow
ENVIRONMENTAL DEFENSE FUND
257 PARK AVE S
NEW YORK, NY 10010
(212) 616-1247
sliskow@edf.org

*Counsel for Environmental Defense Fund*

/s/ Robert M. Sussman
Robert M. Sussman
Sussman & Associates
310 Garfield St., N.W.
Washington, D.C. 20008
202-716-0118
bobsussman@comcast.net

*Counsel for Center for Environmental Health*

/s/ Randy Rabinowitz
Randy Rabinowitz

2

Occupational Safety and Health Law Project
P.O. Box 3769
Washington, D.C. 20027
(202) 256-4080
randy@oshlaw.org

Victoria L. Bor
Occupational Safety and Health Law Project
P.O. Box 3769
Washington, D.C. 20027
(301) 785-3204
victoriabor87@gmail.com

*Counsel for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; and United Steel, Paper, and Forestry, Rubber Manufacturing, Energy, Allied Industrial Workers International Union*

# PRE-PUBLICATION NOTICE

On June 17, 2025, Lee M. Zeldin, the EPA Administrator, signed the following document:

|  |  |
|---:|:---|
| Action: | **Notice** |
| Title: | **Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)** |
| FRL #: | **FRL-8317.1-03-OCSPP** |
| Docket ID #: | **EPA-HQ-OPPT-2020-0642** |

EPA is submitting this document for publication in the *Federal Register*. EPA is providing this document solely for the convenience of interested parties. It is not the official version of the document for purposes of public notice and comment under the Administrative Procedure Act. This document is not disseminated for purposes of EPA's Information Quality Guidelines and does not represent an Agency determination or policy. While we have taken steps to ensure the accuracy of this Internet version of the document that was signed, the official version will publish in a forthcoming daily issue of the *Federal Register* (https://www.federalregister.gov/ and https://www.govinfo.gov/app/collection/fr).

Once the official version of this document is published in the *Federal Register*, this version will be removed from the Internet and replaced with a link to the official version. At that time, you will also be able to access the on-line docket for this *Federal Register* document at https://www.regulations.gov.

For further information about the docket and, if applicable, instructions for commenting, please consult the ADDRESSES section in the front of the *Federal Register* document.

This page is intentionally blank.

BILLING CODE 6560-50-P

ENVIRONMENTAL PROTECTION AGENCY

40 CFR Part 751

[EPA-HQ-OPPT-2020-0642; FRL-8317.1-03-OCSPP]

RIN 2070-AK83

Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notification; extension of postponement of effectiveness.

**SUMMARY:** The Environmental Protection Agency (EPA or Agency) is extending the postponement of the effective date of certain regulatory provisions of the final rule entitled "Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)" for an additional 60 days. Specifically, this postponement applies to the conditions imposed on the uses with TSCA exemptions.

**DATES:** As of June 20, 2025, EPA further postpones until August 19, 2025, the conditions imposed on each of the TSCA section 6(g) exemptions, as described in this document, in the final rule published on December 17, 2024, at 89 FR 102568.

**ADDRESSES:** The docket for this action, identified by docket identification (ID) number EPA-HQ-OPPT-2020-0642, is available online at *https://www.regulations.gov*. Additional information about dockets generally, along with instructions for visiting the docket in-person, is available at *https://www.epa.gov/dockets*.

**FOR FURTHER INFORMATION CONTACT:**

*For technical information:* Gabriela Rossner, Existing Chemicals Risk Management

This is a prepublication version of a document signed by EPA on June 17, 2025, and is pending publication in the Federal Register. Although EPA has taken steps to ensure the accuracy of this pre-publication version, it is not the official version.

2

Division, Office of Pollution Prevention and Toxics, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460-0001; telephone number: (202) 565-2426; email address: *TCE.TSCA@epa.gov.*

*For general information:* The TSCA-Hotline, ABVI-Goodwill, 422 South Clinton Ave., Rochester, NY 14620; telephone number: (202) 554-1404; email address: *TSCA-Hotline@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

**I. Background**

On December 17, 2024, EPA issued a final risk-management rule under TSCA section 6(a) prohibiting all uses of trichloroethylene (TCE), most of which would be prohibited within one year, including TCE manufacture and processing for most commercial and all consumer products. (89 FR 102568, December 17, 2024) (FRL-8317-02-OCSPP). The final rule included extended phaseouts or TSCA section 6(g) exemptions to permit several uses to continue under workplace restrictions for longer periods.

The final rule was originally scheduled to become effective on January 16, 2025. EPA received petitions for an administrative stay of the effective date on behalf of Microporous, LLC (Microporous), which also separately sought partial reconsideration of the final rule, and Alliance for a Strong U.S. Battery Sector (Alliance) on January 10, 2025. EPA denied these requests on January 15, 2025. Microporous and Alliance submitted renewed petitions to the Agency to stay the effective date of the rule, or, in the alternative, for an administrative stay of the final rule's workplace conditions for battery separator manufacturers, on January 20, 2025. PPG Industries, Inc. (PPG) also submitted a request for an administrative stay on January 21, 2025.

This is a prepublication version of a document signed by EPA on June 17, 2025, and is pending publication in the Federal Register. Although EPA has taken steps to ensure the accuracy of this pre-publication version, it is not the official version.

3

EPA also received thirteen petitions for review of the final rule in various circuits of the U.S. Courts of Appeals. On January 13, 2025, petitioners Microporous and Alliance filed emergency motions for stay in the Fifth and Sixth Circuit Courts of Appeals of the final rule's effective date and workplace conditions for battery-separator manufacturers, as well as a temporary administrative stay of the final rule pending consideration of the emergency stay motion. The same day, the Fifth Circuit granted the motion for a temporary administrative stay of the final rule's effective date while the court considered the emergency stay motion.

Shortly thereafter, the petitions for review were consolidated in the U.S. Court of Appeals for the Third Circuit as *USW* v. *U.S. EPA,* Case No. 25-1055. On January 16, 2025, the Third Circuit issued an order leaving the temporary administrative stay of the effective date of the final rule in place pending briefing on whether the temporary stay should be lifted or converted to a permanent stay. On January 21, 2025, petitioner PPG filed a new stay motion with the court, and Alliance and Microporous refiled their existing motions to stay the effective date. On January 24, 2025, EPA filed a motion requesting that the court extend all deadlines in the case for sixty days, including with respect to further stay briefing, which the court granted.

EPA temporarily delayed the effective date of the final rule until March 21, 2025. (90 FR 8254, January 28, 2025 (FRL-12583-01-OA)). Although the final rule had yet to go into effect, it was incorporated into the Code of Federal Regulations (CFR) on January 16, 2025. See 40 CFR part 751, subpart D.

On March 21, 2025, EPA signed a notice pursuant to section 705 of the Administrative Procedure Act, 5 U.S.C. 705, further postponing the effective date of the provisions applicable to the conditions of use subject to TSCA section 6(g) exemptions until June 20, 2025. Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation

This is a prepublication version of a document signed by EPA on June 17, 2025, and is pending publication in the Federal Register. Although EPA has taken steps to ensure the accuracy of this pre-publication version, it is not the official version.

4

under the Toxic Substances Control Act (TSCA), 90 FR 14415, April 2, 2025 (FRL-8317.1-01-OCSPP) ("Initial Notice"). In that notice, EPA explained that Petitioners Alliance, Microporous, and PPG ("Industry Petitioners") raised serious questions regarding the WCPP that warranted a delay of the effective date of those provisions.

On March 28, 2025, the court lifted the administrative stay except as to the provisions that are subject to EPA's Initial Notice. The court also ordered EPA to file any response to the pending stay motions by May 27, 2025.

On May 27, 2025, EPA moved to hold the case in abeyance because it intends to reconsider the final rule, including provisions subject to EPA's Initial Notice, through notice-and-comment rulemaking. For the same reason the Agency filed a response to Industry Petitioners stating it did not oppose a stay of the provisions subject to EPA's Initial Notice. The judicial proceedings are ongoing.

## II. Statutory Authority

As discussed in the Initial Notice, section 705 of the Administrative Procedure Act (APA) authorizes an agency to postpone the effective date of an agency action pending judicial review when the agency finds "that justice so requires." 5 U.S.C. 705. Notice and comment is not required when an agency delays the effective date of a rule under APA section 705 because such a stay pending judicial review is not substantive rulemaking subject to APA section 553; it merely maintains the status quo to allow for judicial review. *See Bauer v. DeVos,* 325 F. Supp. 3d 74, 106-07 (D.D.C. 2018); *Sierra Club* v. *Jackson,* 833 F. Supp. 2d 11, 28 (D.D.C. 2012).

## III. Postponement of Effective Date

In light of the fact that the pending litigation is still ongoing and for the same reasons as set forth in the Initial Notice, EPA has determined that justice requires a 60-day extension of the

This is a prepublication version of a document signed by EPA on June 17, 2025, and is pending publication in the Federal Register. Although EPA has taken steps to ensure the accuracy of this pre-publication version, it is not the official version.

5

postponement of the effective date (*i.e.*, until August 19, 2025) of the conditions for each of the TSCA section 6(g) exemptions. *See* 40 CFR 751.325(a)(2). The extension of the postponement applies, for example, to the conditions imposed under the TSCA section 6(g) exemption for the use of TCE as a processing aid for specialty polymeric microporous sheet material manufacturing. 40 CFR 751.325(b)(6)(i) through (iv).

The postponement will temporarily preserve the status quo while the Third Circuit litigation is pending. Nothing has materially changed since the Initial Notice that would affect EPA's analysis of whether justice requires a stay of these provisions. Therefore, per the reasons discussed in the Initial Notice, EPA believes extending the postponement for 60 days is necessary.

**Authority:** 5 U.S.C. 705 and 15 U.S.C. 2605(a).

**Lee Zeldin**

*Administrator.*