

SIDLEY AUSTIN LLP  
1501 K STREET, N.W.  
WASHINGTON, D.C. 20005  
+1 202 736 8000  
+1 202 736 8711 FAX  

+1 202 736 8511  
DFEITH@SIDLEY.COM

June 27, 2025

**By CM/ECF**

Ms. Patricia S. Dodszuweit, Clerk of Court
Office of the Clerk
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re: *United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, et al. v. EPA*, No. 25-1055 (3d Cir.) and consolidated cases

Dear Ms. Dodszuweit:

We write for Petitioners Alliance for a Strong U.S. Battery Sector, Microporous LLC, and PPG Industries, Inc. ("Petitioners") in response to the Intervenors' June 25 FRAP 28(j) Notice of Supplemental Authority. Dkt. 66.[1]

Intervenors called attention to Respondent EPA's Notice staying the effective date of the conditions for each of the TSCA section 6(g) exemptions until August 19, 2025. *See* EPA, *Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)*, 90 Fed. Reg. 26,453 (Jun. 23, 2025); *see also* 40 C.F.R. § 751.325(a)(2).

EPA's short, temporary stay reinforces Petitioners' position that this Court should decide the pending stay motions *before* ruling on EPA's motion for abeyance, and should grant abeyance only if it grants the stays. *See* Dkt. 60; Dkt. 52 (25-1118). As EPA's Notice reaffirms, the agency plans to reconsider the TCE Rule, a process EPA estimates will take 18-24 months. Dkt. 57-1 at 5. EPA's 60-day stay will not come close to covering the full duration of this reconsideration process, and there is no guarantee EPA will extend the stay further. Thus, prior to any abeyance, a judicial stay of the Rule's unlawful conditions should be granted to forestall the irreparable harm that would otherwise result after August 19. EPA does not oppose a judicial stay of this limited scope. Dkt. 65-1 at 6; Dkt. 61 at 2–4; Dkt. 58 at 8–9.

Granting a stay would not prevent this Court from later holding this case in abeyance. Intervenors cite no case saying that a judicial stay is inconsistent with abeyance. It is ordinary practice for courts to hold a case in abeyance after a stay, so that the agency can reconsider the

---

[1] Unless otherwise noted, all ECF citations are to the docket in No. 25-1055.
Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY
Page 2

challenged rule. *See Utah v. EPA*, 2025 WL 1354371, at *3 & n.3 (D.C. Cir. May 2, 2025) (collecting cases).

  For these reasons, Petitioners respectfully request that the Court grant the stay motion before deciding the abeyance motion.

             Respectfully,

             */s/ Daniel J. Feith*
             Daniel J. Feith
             *Counsel for Alliance for a*
             *Strong U.S. Battery Sector*

             */s/ Eric P. Gotting*
             Eric P. Gotting
             *Counsel for PPG Industries*

             */s/ Steven D. Weber*
             Steven D. Weber
             *Counsel for Microporous LLC*