

November 20, 2025

Office of the Clerk
United States Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

Re:  *United Steelworkers v. Environmental Protection Agency,* **No.25-1055 and consolidated cases**

This letter is submitted on behalf of Petitioners United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, and the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (collectively, the Unions) in response to the Court's order dated November 7, 2025.

The pending motions for stay are ripe for decision. It is, in fact, imperative that the Court rule on the motions to ensure that the provisions of the Rule for which no supported opposition has been presented go into effect, as contemplated by the Toxic Substances Control Act (TSCA). In addition, the case itself is ripe: The pending petitions challenge a final rule, substantial portions of which are in effect, and although EPA has stated it intends to revisit parts of the Rule, the Agency has neither issued a proposal nor included a schedule for completion in its Regulatory Agenda.

### I.  Background

EPA determined in 2020 that occupational exposure to trichloroethylene (TCE) above .004 parts per million (ppm) poses unreasonable risks of cancer and other health effects to workers. 85 Fed. Reg. 75010 (Nov. 24, 2020). Once EPA made that determination, TSCA *required* the Agency to issue a rule "so that [TCE] no longer presents such risk," and to do so *within two years*. 15 U.S.C. § 2605(a) and (c).

EPA adopted the Rule to meet TSCA's demands. "Trichloroethylene (TCE); Regulation Under [TSCA]," 89 Fed. Reg.102568 (Dec. 17, 2024) (the Rule). The Rule bans all TCE uses. However, it permits ongoing TCE exposure for certain "conditions of use" during extended phase-out periods, if facilities using TCE implement worker control protection programs (WCPP) and other requirements. 40 C.F.R. § 751.325(a)(2). The WCPP includes a requirement limiting TCE exposures to an existing chemical exposure limit (ECEL) of 0.2 ppm.[1] Three petitioners in two industries – PPG, Microporous, and the Alliance for a Strong U.S. Battery Sector (Alliance) – have moved to stay the WCPP provisions applicable to them. They are the

---

[1] EPA set the ECEL at a level higher than the level at which it found TCE poses an unreasonable risk due to limits in available detection technology.

**(202)-256-4080**

**PO Box 3769, Washington, DC 20027**

only parties that have moved for a stay and filed sworn statements describing how the Rule would affect their operations, as required by Fed. R. App. P. 18(b).

Before the Rule's effective date, and before all petitions were transferred to this Court, the Fifth Circuit stayed the entire Rule to allow EPA to respond to a pending stay motion. This Court initially continued the Fifth Circuit's stay. Dkt. No. 5. Since then, EPA, purporting to act pursuant to 5 U.S.C. § 705, has postponed the compliance date of the WCPP provisions for *all* uses with an exemption from the TCE ban under TSCA section 6(g), 15 U.S.C. 2605(g), four times, while permitting the rest of the Rule to go into effect, most recently last week. 90 Fed. Reg. 51027 (Nov. 14, 2025) (postponing compliance dates until February 17, 2026). This Court has modified its stay to conform to EPA's postponement. Dkt No. 53. Thus, despite the statutory command, EPA currently has no protections in place for workers exposed to TCE in industries with exemptions under section 6(g).

## II. The Pending Motions Are Ripe for Decision

To decide whether a case is – or in this instance, motions are – ripe for adjudication, "a court must consider (1) the fitness of the issues for judicial decision and (2) the hardship to the parties from withholding judicial consideration." *Comite de Apoyo a Los Trabajadores Agricolas [CATA]* v. *Perez,* 774 F.3d 173, 183 (3d Cir.2014) (citations omitted). The pending stay motions satisfy both criteria.

### A. The Motions Present Issues Fit for Judicial Decision

Three parties moved to stay the WCPP provisions as they apply to their two industries: Microporous and the Alliance for lead-acid battery separator manufacturers and PPG for manufacturing of specialty polymeric microporous sheet materials. These motions are fully briefed and have been awaiting decision since late May. While EPA has moved to hold this case in abeyance, all petitioners have urged the Court to decide the stay motions.

EPA's successive postponements of the WCPP's compliance date should not impede the Court from addressing the pending motions and narrowing both the Court's and EPA's stay. As discussed in greater detail in the letter filed today by the Environmental Defense Fund (EDF) and the Center for Environmental Health (CEH), there are a number of reasons why EPA's successive stays are invalid.

Nor should this Court issue a judicial stay that mirrors the relief EPA has granted. This Court may grant a stay pending review only after applying the four-part test in *Nken v. Holder*, 556 U.S. 418 (2009), to determine whether the stay is warranted and, if so, its proper scope. EPA did not apply that test. . Moreover, under Fed. R. App. P. 18(b), the Court must base any stay on sworn statements supporting each element of the *Nken* test, which again, EPA did not do. We urge the Court to limit any relief to the provisions of the TCE Rule for which the stay movants have arguably shown both a likelihood of success on the merits and irreparable harm. Because of their legal infirmity and because EPA did not apply the *Nken* parameters, this Court should ignore EPA's § 705 stays in deciding what relief, if any, to grant the stay movants pending review.

Importantly, another reason to find the pending stay motions are ripe for decision is the fact that, through the Court-ordered mediation, the Unions and petitioner PPG have reached an agreement that resolves PPG's stay motion. The parties have drafted a proposed order that summarizes their agreement and is attached to this letter. The gist of the agreement is that PPG will comply with most provisions of the WCPP pending judicial review, except the ECEL to the extent that it requires PPG to reduce TCE exposures below 6 ppm. Should the Court issue an order in line with this agreement, the Unions withdraw their opposition to EPA's motion for abeyance, since workers will have improved protection from TCE while EPA's reconsideration is ongoing.

The Unions believe that our agreement with PPG, which is supported by evidence PPG presented to support its motion and avoids the prospect of TCE workers being required to wear air supplied respirators all day every day, provides a roadmap for the Court to craft a narrow stay applicable to battery separators – the only other industry that has requested relief from the Court and submitted evidence which arguably meets the requirements of *Nken* and Fed. R. App. P. 18(b). As we pointed out in our Opposition to Motion for Stay, Dkt. 49 at 13-18, the battery separators have shown that they can meet an ECEL of 6 ppm.

If the Court were to resolve both pending stay motions along the lines detailed in our agreement with PPG, the Court would not be rewriting the Rule. Instead, it would be granting relief to the parties seeking a stay, to the extent – and only to the extent – those parties have supported their claims for relief.

    B.    **Workers Are Facing Substantial Hardship**

The Occupational Safety and Health Administration's outdated TCE standard, adopted in the 1970s, sets the permissible exposure limit at 100 ppm, magnitudes higher than the .004 ppm level at which EPA found TCE presents an unreasonable risk. As long as the Court refrains from addressing the stay motions and either the Court or EPA leaves its current stay in effect, the Unions' members and other workers exposed to TCE face an unreasonable risk of serious illness.

TSCA demands that EPA take workers' exposures into account in evaluating risk, and mandates that when the Agency finds unreasonable risk, it quickly adopt rules to eliminate it. 15 U.S.C. § 2602(12); *id.* § 2605(a) and (c). By placing the interests of workers front-and-center, TSCA makes clear the risk that inaction poses to workers is the kind of legal harm the Court should consider in weighing whether a challenge is ripe. *Wyoming v. Zinke,* 871 F.3d 1133, 1143 (10th Cir. 2017) (the question is "whether withholding review would 'create adverse effects of a strictly legal kind.'") (quoting *Nat'l Park Hosp. Ass'n v. DOL,* 538 U.S. 803, 809 (2003)).

    III.    **The Claims are Ripe for Review**

The underlying claims are also ripe for review. The pending petitions challenge a final rule issued by EPA. Although EPA has announced its intent to reconsider some aspects of the Rule, it has not yet announced the scope of its reconsideration, issued a proposed revision, or even placed TCE on the Agency's regulatory agenda. Accordingly, the Court "should intervene at this time because the fact that [EPA] plans to reconsider the [rule] does not mean that [petitioners] challenge is unripe." *CATA v. Perez,* 774 F.3d at 186.

This is particularly true because EPA has not announced any intention to revisit the risk determination on which the Rule is based. Thus, while EPA may tinker with some aspects of the Rule, EPA remains under a statutory duty to eliminate TCE's unreasonable risk. Regardless of what EPA's reconsideration entails, the scientific analysis underpinning the Rule and many of the legal issues the Rule presents will remain unchanged. These issues are ripe for review.

Moreover, a decision by this Court to dismiss the pending petitions as unripe would potentially prejudice petitioners. TSCA provides that challenges to final rules must be filed in the Court of Appeals within 60 days of their promulgation. 15 U.S.C. § 2618(a)(1)(A). If EPA were eventually to decide *not* to revise the Rule, the parties would be time-barred from pursuing their claims, which is an "adverse effect[] of a strictly legal kind" that the Court is to consider in determining ripeness. *Wyoming v. Zinke,* 871 F.3d at 1133.[2]

Finally, dismissing the petitions would necessarily dissolve both this Court's and EPA's stays, since the existence of litigation challenging the Rule is a necessary predicate for any stay pending judicial review.

## CONCLUSION

The Unions respectfully submit that the claims and the pending stay motions are ripe. They urge the Court to enter an order reflecting the agreement between the Unions and PPG, and to use that agreement as a template for resolving the Microporous and Alliance stay motions. Should the Court adopt the Unions-PPG order, the Unions waive their objection to EPA's abeyance motion.

Respectfully submitted,

/s/ Randy Rabinowitz

/s/ Victoria L. Bor

*Counsel for the Unions*

---

[2] The Tenth Circuit's decision, vacating the appeals as unripe, is inapposite. In that case, the district court had determined that the government lacked authority to issue the challenged rule, and the agency had announced its intent to rescind it. Here, EPA has a mandatory duty to adopt a rule to eliminate the risks TCE poses; the Rule currently bans many uses of TCE; there has been no finding that the Rule is invalid; and EPA has not announced that it intends to rescind the Rule.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1055

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO, Petitioner

v.

United States Environmental Protection Agency

No. 25-1098

United Automobile, Aerospace and Agricultural Implement Workers of America, AFL–CIO, Petitioner

v.

United States Environmental Protection Agency

No. 25-1118

PPG Industries, Inc., Petitioner

v.

United States Environmental Protection Agency

Upon consideration of the Joint Motion of Petitioner PPG Industries, United Steel Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial And Service Workers International Union, AFL-CIO ("USW"), and United Automobile Aerospace & Agricultural Implement Workers ("UAW") (collectively, the "Labor Petitioners") seeking a partial stay of the Final Rule entitled "Trichloroethylene (TCE): Regulation Under the Toxic Substances Control Act," and the response of the Environmental Protection Agency thereto,

IT IS HEREBY ORDERED:

1. Compliance by PPG with the provisions of the Workplace Chemical Protection Program ("WCPP"), 40 CFR § 751.315, establishing an existing chemical exposure limit of 0.20 ppm or a short-term action level of 0.10 ppm, or triggering further action based on those limits, is stayed to the extent that the TCE Rule requires reductions in TCE concentrations below 6 ppm on an 8-hour time-weighted average (TWA) basis or an action level[1] lower than 3 ppm (as an 8-hour TWA);

2. In all other respects, the stay issued by this Court on March 28, 2025 is vacated as to PPG Industries;
3. In the event of any alleged violation by PPG of the WCPP standards triggered by worker exposures above an interim ECEL of 6 ppm as an 8-hour TWA and/or an action level of 3 ppm as an 8-hour TWA, no party to these consolidated cases or any other third party or person may initiate contempt proceedings against PPG; rather, to the extent any such entity or person intends to initiate an action against PPG under the terms of this Order, it must be pursued through statutory channels (e.g., TSCA's enforcement provisions at 15 U.S.C. § 2616 or TSCA's citizens' suit provision at 15 U.S.C. § 2619); and

4. Respondent EPA is directed to file periodic status reports on the progress of its reconsideration of the TCE rule every 120 days.

---

[1] The term "action level" shall trigger the same obligations with respect to the "Interim ECEL action level" in the TCE Rule under Table 1 – Periodic Monitoring Requirements except that during the stay such obligations at will be triggered at 3 ppm or above.