

**U.S. Department of Justice**

Environment and Natural Resources Division

_____

*Environmental Defense Section*                           *Telephone (202) 305-5314*
*P.O. Box 7611*                                           *Facsimile (202) 514-8865*
*Washington, DC 20044*

November 20, 2025

**By CM/ECF**

Ms. Patricia S. Dodszuweit, Clerk of Court
Office of the Clerk
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

     Re: *United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, et al. v. EPA*, No. 25-1055 (3d Cir.) and consolidated cases

Dear Ms. Dodszuweit:

     We write in response to the Court's November 7, 2025 Order directing Respondent and Intervenors to "submit supplemental letter briefs addressing whether Petitioners' claims and stay motions are ripe, in light of (1) any hardship the parties may be experiencing pending judicial decision, and (ii) the EPA's stated intention to reconsider and modify the TCE Rule and multiple postponements of the Rule's effective date." ECF No. 72.

     Petitioners' claims are prudentially unripe. In assessing the prudential ripeness of a case, courts focus on two aspects: the "fitness of the issues for judicial decision" and the extent to which withholding a decision will cause "hardship to the parties." *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 387 (D.C. Cir. 2012). Declining to consider prudentially unripe cases avoids courts becoming entangled in premature adjudication. *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 182 (3d Cir. 2014).

     The issues raised by Petitioners are not fit for judicial consideration because EPA is reconsidering the challenged Rule and future agency action could render

this matter moot. *See Am. Petroleum Inst.*, 683 F.3d at 387–89 (judicial review unripe where agency was revising challenged rule). Courts may decline to review agency rules under reconsideration because judicial review could deny the agency the "full opportunity to apply its expertise and to correct errors or modify positions . . . and judicial economy is disserved because judicial review might prove unnecessary . . .." *Id.* at 387; *see also Utah by & through Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *3 (D.C. Cir. May 2, 2025) ("Allowing EPA to reconsider the rule might obviate the need for our review and avoid the unnecessary expenditure of judicial resources in a matter of immense complexity."). As EPA previously informed the Court, EPA intends to reconsider the challenged TCE Rule through the notice and comment rulemaking within the next 18-24 months. *See* Decl. of Dr. Nancy B. Beck ¶¶ 13-14, ECF No. 57-2. EPA remains on target to act within that timeframe.[1] In light of the Agency's reconsideration of the challenged rule, EPA has requested that the Court hold this case in abeyance to preserve judicial resources while it reconsiders this Rule. *See* Resp.'s Mot. to Hold Case in Abeyance, ECF No. 57-1.

Nor would withholding a decision cause hardship to the parties, as the challenged provisions of the TCE Rule are not currently in effect. *See Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 811, (2003) ("[M]ere uncertainty as to the validity of a legal rul[ing]" does not "constitute[ ] a hardship for purposes of the ripeness analysis."). On November 17, 2025, pursuant to Administrative Procedure Act (APA) section 705, 5 U.S.C. § 705, EPA again extended the effective date of the provisions applicable to the conditions of use subject to Toxic Substances Control Act section 6(g), 15 U.S.C. § 2605(g), exemptions by 90 days or until February 17, 2026. Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act, 90 Fed. Reg. 51207 (Nov. 14, 2025). This includes extension of the effective date of the provisions Petitioners challenged in their stay motions and, thereby, undercuts any potential claims of harm.

---

[1] In fact, as Respondents previously explained to the Court, *see* ECF No. 70, EPA has already revised parts of the TCE Rule through interim final action. *See* Trichloroethylene; Regulation Under the Toxic Substances Control Act (TSCA); Compliance Date Extension, 90 Fed. Reg. 44772 (Sept. 17, 2025) (amending the prohibition compliance dates for (1) the use of TCE as a processing aid in the manufacture of nuclear fuel, with corresponding changes to the compliance dates for manufacturing, processing and distribution in commerce of TCE to support such use, to September 15, 2028, and (2) the disposal of TCE to wastewater by processors of TCE and processors, industrial, and commercial users of TCE as a processing aid to December 18, 2026).

The facts here differ in critical ways from other Third Circuit cases in which the Court found that judicial challenges were ripe for adjudication. For example, in *Comite' De Apoyo A Los Trabjadores Agricolas*, the Agency had implemented the challenged rule and had been using it as the basis for final agency actions for many years. 774 F.3d at 183–86. Similarly, in *Louisiana Forestry Association Inc. v. Secretary U.S. Department of Labor*, the parties expected the challenged rule to be "implemented swiftly and with a direct and foreseeable impact." 745 F.3d 653, 667 (3d Cir. 2014). Here, by contrast, EPA has delayed the effective date of the challenged provisions of the TCE Rule. Moreover, EPA does not ask the Court to abate this case for an "indefinite period of time," *see Wyoming v. Zinke*, 871 F.3d 1133, 1144 (10th Cir. 2017), but instead seeks abeyance only until EPA completes reconsideration of the TCE Rule through notice-and-comment rulemaking in 2027. EPA has proposed filing status reports every 90 days as it conducts this rulemaking. *See Am. Petroleum Inst.*, 683 F.3d at 389 (ordering status reports).

Because EPA is reconsidering the Rule, the Agency did not oppose a stay of the Rule's provisions that are subject to the Agency's APA section 705 postponement. In doing so, however, EPA took no position on the merits of the underlying arguments in those stay motions. Similarly, EPA takes no position on whether the stay motions are ripe but again emphasizes that an abeyance of these proceedings is appropriate because EPA is reconsidering the challenged Rule.

Respectfully submitted,

ADAM R. F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

 *s/ Laura J. Brown*
LAURA J. BROWN
LAURA J. GLICKMAN
  *Environmental Defense Section*
  Environment and Natural Resources Division
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  (202) 305-5314
  *Laura.J.S.Brown@usdoj.gov*