

U.S. Department of Justice

Environment and Natural Resources Division

*Environmental Defense Section*  
*P.O. Box 7611*  
*Washington, DC 20044*

*Telephone (202) 305-5314*  
*Facsimile (202) 514-8865*

December 23, 2025

**By CM/ECF**

Ms. Patricia S. Dodszuweit, Clerk of Court
Office of the Clerk
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re: *United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, et al. v. EPA*, No. 25-1055 (3d Cir.) and consolidated cases

Dear Ms. Dodszuweit:

    We write to respond to the November 20, 2025 letter briefs filed by Petitioner PPG and Intervenors United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, and the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (collectively, "the Unions"), ECF Nos. 68 and 74. PPG and the Unions filed those briefs in response to the Court's November 7, 2025 Orders. ECF No. 71, 72.  Those Orders directed the parties to "submit supplemental letter briefs addressing whether Petitioners' claims and stay motions are ripe, in light of (1) any hardship the parties may be experiencing pending judicial decision, and (2) the EPA's stated intention to reconsider and modify the TCE Rule and multiple postponements of the Rule's effective date." ECF Nos. 71-72.

    Going beyond the request of the Orders, Petitioner PPG and the Unions submitted letter briefs (and proposed orders) requesting that the Court stay the TCE Rule as to PPG to the extent that "TCE Rule requires reductions in TCE concentrations below 6 ppm on an 8-hour time-weighted average (TWA) basis or

an action level lower than 3 ppm)." Unions' and PPG's Proposed Orders, ECF No. 74 at p.6 and ECF No. 68 at p.7. That is, they are asking the Court to unilaterally set a new TCE concentration level.

Since submitting the November 20, 2026 letter brief, Respondent EPA has been working with the Court appointed mediator, Petitioners, and Intervenors in attempt to work out a resolution to the pending stay motions. However, to the extent that effort fails, and the Court considers the novel request made by PPG and the Union Petitioners in their letter briefs, EPA requests an opportunity to oppose it. In PPG's original stay motion, PPG did not request that the Court set a 6 ppm ECEL for it (which is effectively the relief it now seeks), and EPA has not had the opportunity to respond. Neither PPG nor the Unions have identified any authority that would allow the Court to unilaterally make the technical determination—which is delegated to the EPA Administrator—and to rewrite the substance of the TCE Rule outside of the administrative process. EPA submits that no such authority exists and requests briefing on the issue, if the Court considers it.

Respectfully submitted,

ADAM R. F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

BRADLEY CRAIGMYLE
*Deputy Assistant Attorney General*

 s/ Laura J. Brown
LAURA J. BROWN
LAURA J. GLICKMAN
   *Environmental Defense Section*
   Environment and Natural Resources Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 305-5314
   *Laura.J.S.Brown@usdoj.gov*