

**Keller&Heckman**

Serving Business through Law and Science®

**khlaw.com**

202.434.4100

Keller and Heckman LLP

1001 G Street, NW

Suite 500 West

Washington, DC 20001

**Writer's Direct Access**
**Eric P. Gotting**
(202) 434-4269
gotting@khlaw.com

December 30, 2025

***Via CM/ECF***

Ms. Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals
   For The Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:    United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, et al. v. EPA, No. 25-1055 (3d Cir.) and consolidated cases**

Dear Ms. Dodszuweit:

We write in response to the Environmental Protection Agency's (EPA) December 23, 2025 letter (ECF 78) to the Court regarding earlier filings by the Union Petitioners (ECF 74) and PPG (25-1118; ECF 68), which outlined a negotiated agreement regarding a judicial stay of the TCE Rule's ECEL and short-term action level. Contrary to EPA's letter, PPG did not go "beyond the request" made by this Court in its November 7, 2025 Order (Dkt. No. 71), nor is it asking this Court to "unilaterally set a new TCE concentration level." *See* Dkt. No. 78. Accordingly, PPG strongly opposes EPA's request for additional briefing.

**First**, the negotiated agreement was reached pursuant to Court-sponsored mediation. Unsurprisingly, the outcome of those efforts is an agreement that differs somewhat from PPG's stay motion in which it requests the ECEL and short-term action level be entirely stayed pending judicial review. EPA cannot now reasonably argue that

This document was delivered electronically.



December 30, 2025
Page 2

it was surprised by a proposed settlement in which the Union Petitioners would not oppose a stay provided PPG agreed to avoid TCE exposures above a certain level during the litigation. Indeed, that was the whole point of the Court-sponsored mediation. EPA should therefore not be permitted to do an end-run on these efforts through additional briefing.

**Second**, EPA's letter never mentions that this Court, in its Order, also explicitly requested PPG to indicate "whether, Petitioners, at this point, seek a stay of the entire Rule, or only the provisions presently subject to the Court's administrative stay." ECF 7. As such, PPG could not fairly respond to the Court's request without detailing the negotiated agreement reached by the parties in lieu of a full-on stay originally requested by PPG. And of course those parties then requested that this Court enter the settlement as a result of the successful mediation. After months of mediation, it makes no sense for those same parties to be faced with yet another round of briefing designed to moot those efforts.

**Third**, EPA is in no way prejudiced by the negotiated agreement. To be clear, the Union Petitioners and PPG are not asking this Court to set a new TCE concentration level. Rather, the proposed settlement simply represents a compromise in which PPG will not be irreparably harmed while, at the same time, the Union Petitioners can be assured that exposures will not exceed certain levels during the pendency of the litigation. Indeed, the terms of the negotiated agreement do not impact in any way EPA's authority to promulgate allowable TCE concentration levels via its reconsideration of the Rule or this Court's authority to ultimately decide whether exposure levels eventually adopted by EPA should be upheld or vacated.

PPG therefore urges the Court to decide the stay motions forthwith.

Sincerely,

Eric P. Gotting
*Counsel for PPG*