

U.S. Department of Justice

Environment and Natural Resources Division

---

*Environmental Defense Section*                                                *Telephone (202) 598-3056*
*P.O. Box 7611*                                                                      *Facsimile (202) 514-8865*
*Washington, DC 20044*

January 7, 2026

**By CM/ECF**

Ms. Patricia S. Dodszuweit, Clerk of Court
Office of the Clerk
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re: *United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, et al. v. EPA*, No. 25-1055 (3d Cir.) and consolidated cases

Dear Ms. Dodszuweit:

      We write in response to Petitioner PPG's December 30, 2025, letter (ECF No. 80) to clarify that EPA has never agreed to the novel relief that Union Petitioners and PPG requested for the first time when responding to this Court's Order (ECF No. 72).

      PPG claims (ECF No. 80 at 1–2) that EPA "cannot now reasonably argue that it was surprised by a proposed settlement" that was negotiated pursuant to Court-sponsored mediation. Setting aside that EPA has not objected on unfair-surprise grounds, we write to clarify that EPA did not agree, in mediation or elsewhere, to the Court imposing the ECEL and short-term action level that Union Petitioners and PPG asked the Court to adopt in their November 20, 2025, letters (ECF No. 74 (No. 25-1055); ECF No. 68 (No. 25-1118)). Moreover, the "whole point" of Court-sponsored mediation was not, as PPG claims (ECF No. 80 at 1–2), to set a new ECEL or short-term action level that would apply during the litigation. Rather, the point was to generally explore the possibility of a negotiated resolution to this lawsuit.

EPA stated repeatedly during mediation discussions that it believes the Court may lack authority to set a new ECEL or short-term action level, *see* 15 U.S.C. § 2605(g)(4) (instructing the EPA Administrator to include conditions when granting exemptions "to the extent that *the Administrator* determines the conditions are necessary to protect health and the environment while achieving the purposes of the exemption" (emphasis added)), and EPA has not had the opportunity to respond to Union Petitioners and PPG's request for this relief. EPA respectfully requests that, if the Court is inclined to consider Union Petitioners and PPG's new request, the Court permit briefing on whether the Court possesses the authority to grant the requested relief and, if so, whether the requested relief is appropriate.

Respectfully submitted,

ADAM R. F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

BRADLEY CRAIGMYLE
*Deputy Assistant Attorney General*

 s/ *Laura J. Glickman*
LAURA J. BROWN
LAURA J. GLICKMAN
   *Environmental Defense Section*
   Environment and Natural Resources Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 598-3056
   *Laura.Glickman@usdoj.gov*