UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CCO-082

**No. 25-1055**
United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL–CIO,
Petitioner
v.
United States Environmental Protection Agency

**No. 25-1079**
American Chemistry Council and Georgia Chemistry Council,
Petitioners
v.
United States Environmental Protection Agency

**No. 25-1080**
Microporous LLC,
Petitioner
v.
United States Environmental Protection Agency

**No. 25-1081**
Ohio Chemistry Technology Council,
Petitioner
v.
United States Environmental Protection Agency

**No. 25-1082**
Environmental Defense Fund,
Petitioner
v.
United States Environmental Protection Agency

**No. 25-1083**
Alliance for a Strong U.S. Battery Sector and Texas Chemistry Council, Inc.,
Petitioners
v.
United States Environmental Protection Agency

**No. 25-1084**
Trent Capital Partners,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1098**
United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1118**
PPG Industries, Inc.,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1132**
Olin Corporation,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1133**
Missouri Alliance for a Strong U.S. Battery Sector,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1144**
Center for Environmental Health,
            Petitioner
v.
United States Environmental Protection Agency

**No. 25-1509**
Vinyl Institute, Inc.,
            Petitioner
v.
United States Environmental Protection Agency

(Agency No. EPA–HQ–OPPT–2020–0642)

Present: KRAUSE, MATEY, and SCIRICA, <u>Circuit Judges</u>

1. Motion by Microporous LLC for a Stay Pending Judicial Review [1/15/25]
2. Motion by Alliance for a Strong U.S. Battery Sector for a Stay Pending Judicial Review [1/15/25]
3. Motion by PPG Industries, Inc. for a Stay Pending Judicial Review [1/21/25]
4. Motion by Alliance for a Strong U.S. Battery Sector to seal its unredacted supplement to its pre-transfer motion for a stay pending judicial review, unredacted addendum, and unredacted declarations in support of the stay motion [1/21/25]
5. Response in Opposition to Stay Motions by USW and UAW [3/28/25]
6. Response in Opposition to Stay Motions by Environmental Defense Fund and Center for Environmental Health [3/28/25]
7. Respondent's Response to Stay Motions and Motion to Lift Stay, taking "no position on the stay motions at this time" [3/28/25]
8. Response to Opposition to Stay Motions by Alliance for a Strong U.S. Battery Sector and Microporous LLC [3/28/25]
9. Respondent's Motion to Hold Case in Abeyance [5/27/25]
10. Respondent's Response to Stay Motions [5/27/25]
11. Environmental Defense Fund's motion for extension of time to file a response to Respondent's Motion to Hold Case in Abeyance until June 10, 2025 [5/30/25]
12. Response to Motion to Hold Case in Abeyance by Alliance for a Strong U.S. Battery Sector [6/6/25]
13. Reply in Support of Stay Motion by Alliance for a Strong U.S. Battery Sector [6/10/25]
14. Response in Opposition to Motion to Hold Case in Abeyance, Filed by USW and UAW [6/10/25]
15. Reply in Support of Stay Motion by PPG Industries, Inc. [6/10/25]
16. Respondent's unopposed motion for extension of time to file reply until June 18, 2025 [6/11/25]
17. Respondent's Reply in Support of Motion to Hold Case in Abeyance [6/18/25]

18. Letter by USW, UAW, Center for Environmental Health, and Environmental Defense Fund Supplementing Opposition to Motion to Hold Case in Abeyance [6/25/25]

19. Respondent's Response to Letter Supplementing Opposition to Motion to Hold Case in Abeyance [6/25/25]

20. Response to Letter Supplementing Opposition to Motion to Hold Case in Abeyance by Microporous LLC, PPG Industries, and Alliance for a Strong U.S. Battery Sector [6/27/25]

21. Letter by Respondent on further postponement by 90 days of the effective date of the provisions of the Final Rule applicable to the conditions of use subject to Toxic Substances Control Act section 6(g) exemptions [8/22/25]

22. Letter by Respondent on interim final action taken to revise certain compliance deadlines finalized in the challenged rule [9/18/25]

23. Respondent's unopposed motion for extension of time for parties to file supplemental letter briefs until December 4, 2025 [11/19/25]

24. Supplemental Letter Brief by USW and UAW [11/20/25]

25. Supplemental Letter Brief by Alliance for a Strong U.S. Battery Sector and Microporous LLC [11/20/25]

26. Supplemental Letter Brief by Respondent [11/20/25]

27. Supplemental Letter Brief by Environmental Defense Fund and Center for Environmental Health [11/20/25]

28. Supplemental Letter Brief by PPG Industries, Inc. [11/20/25]

29. Letter by Respondent in response to Supplemental Letter Briefs filed by PPG Industries, Inc., USW, and UAW [12/23/25]

30. Response by USW and UAW to Respondent's Letter [12/30/25]

31. Response by PPG Industries, Inc. to Respondent's Letter [12/30/25]

32. Respondent's Reply to Response by USW, UAW, and PPG Industries, Inc. [1/7/26]

33. Response by Center for Environmental Health to Respondent's Letter [1/16/25]

Respectfully,<br>
Clerk/tmm

_____ORDER_____

Having considered the above-referenced submissions, including the motions for a stay pending judicial review filed by Microporous LLC, Alliance for a Strong U.S. Battery Sector, and PPG Industries, Inc. (the "Stay Motions"), the Court concludes that those motions are not ripe. In view of the unique combination of circumstances presented in this case—including (i) the EPA's stated intention to reconsider the final rule entitled "Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA)" (TCE Rule),[1] 40 C.F.R. §§ 751.301-751.325 (2026), (ii) the EPA's repeated postponements of the effective date of the provisions in the TCE Rule that Microporous LLC, Alliance for a Strong U.S. Battery Sector, and PPG Industries, Inc. seek to stay,[2] and (iii) the EPA's failure to enforce these provisions to date—any prospect for imminent implementation or enforcement is sufficiently remote and speculative that a ruling from this Court on the Stay Motions would, at this point, be advisory. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-37 (1998); *Phila. Fed'n of Tchr. v. Ridge*, 150 F.3d 319, 322-26 (3d Cir. 1998); *Wyoming v. Zinke*, 871 F.3d 1133, 1141-45 (10th Cir. 2017). The Stay Motions are therefore **DISMISSED WITHOUT PREJUDICE**.

The administrative stay issued by this Court on March 28, 2025, is hereby lifted.

The respondent's motion to hold the case in abeyance, filed on May 27, 2025, which would, in effect, grant an indefinite stay pending judicial review, is hereby **DENIED**.

The motion to seal, filed on January 21, 2025, by Alliance for a Strong U.S. Battery Sector, is hereby **GRANTED**.

The Environmental Defense Fund's motion, filed on May 30, 2025, for an extension of time to file a response to the respondent's motion to hold the case in abeyance, and the respondent's unopposed motion, filed on June 11, 2025, for an extension of time to file a reply to the responses to its motion to hold the case in abeyance, are hereby **GRANTED**.

---

[1] *See* Respondent's Motion to Hold Case in Abeyance [5/27/25].
[2] *See* Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 90 Fed. Reg. 14415 (Apr. 2, 2025) (to be codified at 40 C.F.R. pt. 751); Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 90 Fed. Reg. 26453 (June 23, 2025) (to be codified at 40 C.F.R. pt. 751); Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 90 Fed. Reg. 40534 (Aug. 20, 2025) (to be codified at 40 C.F.R. pt. 751); Extension of Postponement of Effectiveness for Certain Provisions of Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 90 Fed. Reg. 51027 (Nov. 14, 2025) (to be codified at 40 C.F.R. pt. 751).

The respondent's unopposed motion, filed on November 19, 2025, for an extension of time for the parties to file supplemental briefs, is deemed moot.

The Clerk is directed to issue a briefing schedule on the petitions for review forthwith.

By the Court,

s/ Cheryl Ann Krause
Circuit Judge

Dated: February 11, 2026
Amr/Cc: All counsel of record